[No. 4100.]

THE BOARD OF PUBLIC WORKS OF THE CITY OF DENVER ET AL, v. THE DENVER TELEPHONE CO.

1. CITIES AND TOWNS—CITY COUNCIL—BOARD OF PUBLIC WORKS— MANDAMUS—JURISDICTION.

In a mandamus proceeding against the board of public works of the city of Denver to compel the board to grant permission to a telephone company to excavate a trench in one of the public alleys in which to place conduits for laying wires, the board has no right to question the constitutionality of the ordinance or resolution of the city council granting to the telephone company the privilege of occupying the streets and alleys of the city for the purpose of constructing and operating a telephone system on the ground that it attempted to make an irrevocable grant of a special privilege. And the attempt by the board to set up in its answer such invalidity as a defense does not give the supreme court appellate jurisdiction on the ground that a franchise or a constitutional question is involved for the reason that the board may not raise that question.

2. SAME—PARTIES

In an action of mandamus against the board of public works of the city of Denver to compel said board to grant permission to a telephone company to excavate a trench in one of the public alleys of the city in which to place conduits for its wires, the fact that the city attorney appears for the respondent does not make the city in its municipal capacity a party so as to authorize the determination of the validity of petitioner's privilege or franchise.

3. APPELLATE PRACTICE—TRANSFER OF CAUSE FROM COURT OF AP-
   PEALS.

Where a cause is transferred from the court of appeals to the supreme court on motion of apppellants the fact that the reasons given in the opinion of the court for remanding the cause to the court of apppeals are inimical to the interests of appellants does not entitle them to be heard in a request for the withdrawal of those reasons from the opinion since their act is responsible for that result.

*On Removal from Court of Apppeals.*

Mr. J. M. ELLIS, Mr. GUY LeR. STEVICK, Mr. G. Q. RICH-MOND and Mr. H. M. ORAHOOD for appellants.

Mr. THOS. B. STUART and Mr. CHAS. A. MURRAY for appellee.

*Per Curiam.*—The Denver Telephone Company, a domestic corporation, is the remote asignee of a right or privilege which the city council of the city of Denver, by resolution in 1884, granted to eight of its citizens to occupy its public streets and alleys for the purpose of constructing and operating a telegraph and telephone system. In January 1897, the company made a written application, as the charter or ordinance of the city prescribes, to the board of public works of the city of Denver for a permit to excavate a trench in one of the public alleys in which conduits for laying telephone wires were to be placed, the same being a part of the proposed system. This application was denied. Thereupon this proceeding in mandamus was brought to compel the respondent board to issue to petitioner company

the permit theretofore refused. In the petition reasons are given for the apparent delay in completing the system, and there is also set forth a history of petitioner's enterprise from its inception, with the details of which we are not concerned at this time.

To the alternative writ to show cause why the petition should not be granted, the board made answer, and upon these two pleadings trial was had which resulted in a judgment awarding the permanent writ. From that judgment respondent board and the individuals composing it appealed to the court of appeals. After all the briefs were filed and the cause was on the eve of submission, the present city attorney of the city of Denver entered his appearance as attorney for appellants, and asked that the cause be removed to this court upon the ground that a franchise and a constitutional question were involved. No formal application to remand has been made by the appellee, but in argument the suggestion is made that, though its counsel was willing to submit the cause on its merits, this court has not jurisdiction of the appeal. But, as has often been said, consent does not confer appellate jurisdiction; and it is clear that the court of appeals act, which is at once the source and measure of our power in the matter of appeals, has not given it.

Of the nine separate grounds interposed by the respondent at the trial and upon this review as reasons why the court should withhold the writ, and as constituting its reasons for refusing the permit, only one presents features which, in any circumstances, properly invoke the jurisdiction of this court. That is that the alleged privilege claimed by petitioner is invalid because, by resolution of the city council, there is an attempt to make an irrevocable grant of a special privilege or franchise, which is forbidden by section 11 of article 2 of our constitution. This contention by the board is said to introduce into the case not only the element of a franchise, but also the unconstitutionality of the resolution of the council purporting to confer it. The other grounds of objection go to the right of the council by resolution.

to confer such privileges; the non-assignability thereof; the exclusive power of the board to grant or withhold the same without having their determination reviewed by courts; that the bond filed was insufficient; that petitioner was unable to carry out the enterprise; that rights, if any, which originally existed have been abandoned; and that the petitioner did not make the application in good faith. It will be seen that none of these presents a question that gives this court jurisdiction.

If it be conceded that, in an appropriate action, where the city of Denver and the telephone company were parties, and where the issues were the same as those attempted to be raised here, a franchise would be involved, and a constitutional question present that must be determined, it does not necessarily follow that such questions may be raised in this action by the board of public works unless, under the statutes and ordinances of the city, it represents the munipality in its legislative capacity, or has power co-extensive with the city council in the subject matter of the action.

By the city charter the legislative power of the city of Denver is vested exclusively in the city council. The board of public works, in the matter of granting rights or privileges, such as those claimed by petitioner, has no power whatever. In so far as it has anything to do in aiding the city or the grantee in giving effect to a right or franchise previously granted by the law making power, the board acts in a ministerial or administrative capacity. It therefore does not lie with the board to pass upon the constitutionality of the ordinance or resolution by which such rights are given, or to decide for itself whether or not the privilege claimed results from the act of the city council purporting to create it. If the city council has not revoked, or canceled, or otherwise called in question the validity of the resolution under which petitioner claims, or the right thereby granted, it is not within the province of a merely administrative body like the board of public works to constitute itself a tribunal for

passing upon such questions. And so long as the privilege remains unrevoked by the city council, as appears to be the case here, such administrative officers or tribunal should not be permitted to question it. Only persons who are injuriously affected by the alleged unconstitutionality of a statute or ordinance may be heard to object to it on that ground. Neither individually, nor collectively as a board, are the members of this body affected by this resolution. Their interest in it is only that of other citizens of the city.

The question was settled by this court in *Denver Tramway Co. v. Londoner*, 20 Colo. 150; and the same principle is enunciated in *People v. Ames*, 24 Colo. 422: *Ames v. The People*, 26 Colo. 83; *Rhodes et al. v. Board of Public Works*, 10 Colo. App. 99; and in a late case which is strictly in point to the one at bar, *Ghee v. Northern Union Gas Co.*, 158 N. Y. 510.

If the final judgment in this case commands the board to issue the permit, the judgment would not, as to the city, be *res adjudicata* of a future controversy between it and petitioner respecting the rights of the latter under this resolution; and if the writ should be withheld, this would not estop petitioner to assert its rights as against the city. It may be true that the same reasons which preclude the appellants on this review from raising a constitutional question and that of a franchise will control in the court of appeals as to their rights to be heard upon the other assignments of error to which we have above referred. It may also be true that, while refusing to decide the case on its merits because of a lack of jurisdiction of the appeal, in effect, we resolve all of appellants' contentions against them when we hold that they are not in a position to raise the questions, which, alone, give us jurisdiction. But that anomaly, if such it be, we are not responsible for. It is due to the system prevailing in this state by which exclusive appellate jurisdiction in certain cases is conferred upon one appellate tribunal, and, in other cases, concurrent jurisdiction upon the two. Hence, if our de-

cision that the board cannot raise the question of the franchise or constitutional question, even if such questions would be involved were the action appropriate and the necessary parties present, is virtually a determination of the entire controversy—because the principle herein announced is decisive of all the objections urged by appellants—that is no·reason why we should not refrain from usurping a jurisdiction we do not possess and announce the reasons which compel the decision.

The fact that the attorney who appears for appellants in this case happens to be the same person who is the city attorney of the city of Denver, does not change the character of this action, or make it one in which the city, in its municipal capacity, is a party. However desirous the city may be for the court in this action to determine the validity of the alleged privilege or franchise of the petitioner, we must decline to depart from the established practice and plain letter of the statute and cannot allow the city thus to get a decision that would bind neither it nor the owner of the rights claimed. If the city really desires to have this question tested, there ought not to be any difficulty in properly presenting the matter in an appropriate way where the judgment announced would be conclusive of the rights, not only of petitioner, but of the city itself.

The case will be remanded to the court of appeals, and it is so ordered.

*Remanded.*

## On Petition for Rehearing.

*Per Curiam.*—In his petition for a rehearing learned counsel for apppellants is disposed to concede, what we have already decided, that appellants may not question the validity of an ordinance passed by the city council; but still maintains his former position that since permits to excavate in the alleys and streets of the city must be had from the board of public works,

that body may for itself determine whether upon the applicant therefor has been conferred by the city council a special or general right thereto. We are satisfied with our conclusion upon both these propositions. The principle which applies to the one, is equally pertinent to the other, contention.

The principal object of counsel's petition, however, is to secure a modification of the opinion. To determine whether the board of public works may be heard upon the only two propositions relied upon for a reversal which, in any contingency, invoke the appellate jurisdiction of this court, it became necessary first to ascertain the power of the board under the city charter in the matter of granting permits of the character in question. We said that whatever the power of the board might be in regard to other things, with respect to the granting of this permit it acted in a ministerial or administrative capacity only; for, not possessing the legislative power of the city council, it was not competent for the board to raise the question of a franchise, or attack the constitutionality of the resolution upon which the rights of the telephone company, if any, were based. Jurisdiction of the appeal, therefore, was not assumed. Perceiving, however, that the same reasons which were assigned for not taking jurisdiction might apply to all the objections interposed by the board to the granting of the writ, and in answer to a suggestion that it would be inconsistent for the court while declining jurisdiction, in effect to determine all the questions which appellants sought to raise, we felt it to be our duty to show that the anomaly of our course, if such it be, was due to the system existing in this state whereby appellate jurisdiction is conferred upon two tribunals.

We have no desire in a cause not within our jurisdiction to prejudge the merits of the controversy, nor have we sought to tie the hands of the court of appeals. Yet further reflection serves to strengthen the conviction that we were right in inserting in the opinion the remak to which appellants have excepted.

We appreciate the desire of appellants to return to the court of appeals with their record uninfluenced by "predictions or unnecessary suggestions" on the part of this court. Appellants, however, had this cause transferred from the court of apppeals and invoked the jurisdiction of this court. In accordance with the established practice, we gave, and very properly, our reasons for remanding it. If these reasons are inimical to the interests of appellants, their act is responsible for that result, and they should not now be heard in the request for their withdrawal. We consider it quite appropriate that reasons for a court's con-  .  clusion be given.

The petition for rehearing is denied.