[No. 1554.]
## THE BOARD OF PUBLIC WORKS OF THE CITY OF DENVER ET AL. v. THE DENVER TELEPHONE COMPANY.

APPELLATE PRACTICE—JURISDICTION—LAW OF THE CASE.
Where a case was transferred from the court of appeals to the supreme court and the supreme court in remanding the case to the court of appeals for want of jurisdiction, passed upon and determined the merits of the case, such ruling of the supreme court is decisive of the case in the court of appeals.

*Appeal from the District Court of Arapahoe County.*

Mr. H. M. ORAHOOD and Mr. HALSTED L. RITTER, for appellants.

Mr. GEORGE Q. RICHMOND, of counsel.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for appellee.

GUNTER, J.

Appellee as assignee of an alleged franchise to erect and maintain a telephone and telegraph system in the streets and alleys of the city of Denver, applied to appellants for a permit to excavate an alley for laying telephone wires therein; being refused it brought mandamus against appellants. The district court granted a peremptory writ; from this ruling the case came here on appeal. At instance of appellants the case was transferred to the supreme court; from there it was remanded for want of jurisdiction.

Appellants contend as ground for reversal, illegality, for various reasons, of the original franchise, nonassignability thereof, exclusive power of appellants to grant or withhold the permit without their action being reviewable, insufficiency of the bond filed, inability of appellee to carry out the enter-

prise, abandonment of rights,—if ever existent,—lack of good faith in the application for the permit.

The supreme court, *Board of Public Works v. The Denver Telephone Company*, 28 Colo. 401; 65 Pac. Rep. 35, in remanding held in effect that as the board of public works in the matter of issuing this permit acted in a ministerial or administrative capacity only, it did not lie with it to question the right of appellee to the permit on any one of the above grounds. Such ruling is decisive of the matter.

*Affirmed.*