[No. 4679.]

HOLMBERG, STATE AUDITOR, AND NEWTON, STATE TREASURER, v. THE NEWS-TIMES PUBLISHING COMPANY.

1. **Evidence—Records.**

   What is or is not a record is a matter of evidence and may be proved like any other fact.

2. **Constitutional Law—Evidence—Legislative Acts—Jurisdiction.**

   Where an action was brought against the auditor and treasurer of the state to enjoin the issuing or paying of any warrants on account of what purports to be the general appropriation bill, on the ground that it is not the bill that was passed by the legislature, evidence that the bill was changed after it was signed by the presiding officers of both houses by removing therefrom the pages preceding the one containing their signatures, which pages contained only a skeleton form without the amounts appropriated for the various purposes, and inserting instead typewritten pages with the amounts filled in is not in contradiction of the record journals of the legislature or the bill as actually passed and the action involves no constitutional question that would give the supreme court jurisdiction to review the judgment of the lower court therein.

*Error to the District Court of the City and County of
Denver.*

Action was instituted in the court below by the
defendant in error, the purpose of which was to re-
strain the plaintiffs in error, respectively auditor
and treasurer of the state, from drawing warrants
upon, or paying out funds on account of any appro-
priation made by what purports to be the general
appropriation bill, passed by the last general assem-
bly, and known as House Bill No. 433, filed with the
secretary of state. So far as necessary to notice, in
order to present the one question we shall decide, the
complaint charged that the bill as enrolled and
signed by the respective presiding officers of the two
houses consisted of nine typewritten sheets, which,
so far as it purported to make appropriations, was
merely skeleton in form; that is to say, it contained
a list of the departments and bureaus, together with
statements of the purposes for which appropriations
were made, but contained no amounts whatever, and
that after the adjournment *sine die* of the general as-
sembly all of the sheets of the bill thus signed were
removed excepting the last, upon which appeared the
signatures of the presiding officers, and in lieu of
those removed, sheets were substituted which, among
other changes alleged to have been thus affected, re-
cited the amounts of the several appropriations thus
evidenced. The plaintiff introduced testimony to es-
tablish these issues, from which the court found the
facts to be as charged in the complaint, and rendered
judgment enjoining the auditor from drawing any
warrants upon, and the treasurer from paying out,
any of the funds of the state by virtue of the appro-
priations purported to have been made by the bill as
changed in the particulars noticed, excepting from the
operation of the judgment, however, the salaries of
officials fixed by the constitution or laws of the state.

The auditor and treasurer bring the cause here for review on error.

Mr. N. C. MILLER, attorney general, and Mr. H. J. HERSEY, assistant attorney general, for plaintiffs in error.

Messrs. PATTERSON, RICHARDSON & HAWKINS, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Unless the construction of a provision of the constitution of the state or of the United States is necessary to a determination of this action, this court is without jurisdiction to entertain it.—Mills' Ann. Code, sec. 406a.

On behalf of the auditor and treasurer, the attorney general contends that the proposition involved is the power of the court to take oral or other extrinsic testimony for the purpose of contradicting or impeaching an enrolled, signed and approved act, or the journals of the general assembly relating to its passage; or, in other words, when the validity of a statute is attacked, no evidence is competent to support the attack save and except the enrolled bill itself and the journals of the legislature. This is undoubtedly the general rule when it is sought to impeach the contents or attack the validity of a statute which was actually signed by the presiding officers of the respective branches of a legislature, with this modification: That in some jurisdictions it is held that the enrolled bill, when signed, is conclusive and cannot be impeached by the journals of the body passing it, while in other jurisdictions it is held the journals may be resorted to for the purpose of ascertaining the validity of an act. This difference in the decisions, however, is of no moment in this case.

Whether or not the rule adopted or the law declared on the subject by the courts of last resort is based upon constitutional construction, the ground of public policy, or because to hold otherwise would invade the constitutional authority of a co-ordinate branch of the government, it is not necessary to discuss at this time because the question which the attorney general insists is the one upon which the decision in this case must rest is not involved. Plaintiff is not attempting to impeach the bill passed by the general assembly and signed by the respective presiding officers of the two houses, or contradict the legislative journals relating to it, but, on the contrary, is only seeking to show that what purports to be House Bill No. 433, lodged with the secretary of state, is not the House Bill No. 433 which the journals recite was passed and signed by the president of the senate and the speaker of the house, because after these steps were taken the body of the bill was removed and in its stead other pages were substituted containing items not mentioned in the bill as passed and signed, to which the page of that bill upon which the signatures of the presiding officers appeared, was attached, or, to be more precise, is only attempting to establish that the bill as passed and signed made no appropriations of the public funds, because all amounts were left blank, while by the substituted pages these blanks were filled, so that the original bill made no appropriation whatever, and that which was afterwards substituted in its stead did purport to appropriate the public funds of the state for the purposes specified.

The court received testimony on these issues and found that the statements of the complaint in this respect were true. This was not contradicting or impeaching any record, neither was it invading any legislative function. No constitutional provision is pointed out which would inhibit this action. The aver-

ments of the complaint and the testimony do not in any sense relate to what took place in passing the bill, but as to what occurred subsequently; so that the theory of the complaint, as far as noticed, and the purpose of the testimony introduced was not to contradict either the bill as signed or the legislative journals, but to establish which was House Bill No. 433, and uphold it. So far as this case is concerned, the bill actually signed by the presiding officers of the two branches of the general assembly, constitutes the record to which resort must be had to ascertain this fact. What is or is not a record is a matter of evidence, and may be proved like any other fact.—*Brier v. Woodbury,* 1 Pick. 362; *Dyer v. Brogan,* 11 Pac. (Calif.) 589; *Louisville & N. R. Co. v. Malone,* 22 Southern (Ala.) 897; 20 Enc. Law, 1 ed. 515.

In determining this fact, no constitutional question is involved, because the only ones which could possibly be presented in that instance, would relate to the admissibility and sufficiency of testimony and pleadings. These must be determined by the usual rules on these subjects, without regard to any constitutional provisions, either federal or state.

It is claimed there are other constitutional questions raised. Even if this be true, the situation would not be changed, because the determination of any such questions would not affect the only one of fact upon which the judgment is predicated. The validity of the bill does not depend upon whether constitutional provisions in its passage have been observed or violated, but wholly upon the one question of fact as to whether that which the trial court declared to be of no force and effect was or was not the bill which the general assembly passed, as evidenced by the one which the president of the senate and the speaker of the house authenticated by their signatures. The determination of this fact being in no manner depend-

ent upon the solution of any constitutional question, the writ of error must be dismissed.

It may be said that we have, in effect, decided this case and affirmed the judgment of the district court. If this be true it is the inference which follows the reasons given to support the conclusion that no question is involved which, under our dual system of reviewing the judgments of inferior tribunals, vests this court with jurisdiction in this instance.— *Board Pub. Works v. Denver Tel. Co.,* 28 Colo. 401.

*Writ dismissed.*