[No. 4629.]

GREGG v. THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY.

1. **Appellate Practice—Jurisdiction of Supreme Court—Constitutional Question.**

To give the supreme court jurisdiction to review a judgment on the ground that a constitutional question is involved, that

question must be not only fairly debatable, but must be necessary to a determination of the controversy. If the decision of the trial court can be affirmed without passing on the constitutional question, it is the duty of the supreme court to so declare, even though such determination withdraws the case from its jurisdiction and inferentially constitutes an adjudication of the cause on its merits.

**2.   Same—Pleading—Claims Against Counties.**

In an action by a county treasurer against the county to recover back, fees of his office paid into the treasury, which fees were in excess of his salary as fixed by the statute of 1899 (Session Laws 1899, page 331), but which were not in excess of his salary as fixed by the salary act of 1891 (Session Laws 1891, page 307), on the ground that the act of 1899 is unconstitutional, where the complaint fails to allege that the claim had been presented to the board of county commissioners for audit and allowance before commencing the action, it fails to state a cause of action, and on writ of error to a judgment sustaining a demurrer thereto the supreme court will sustain the action of the lower court on that ground and will not consider the constitutional question sought to be raised.

*Error to the District Court of Lake County.*

Mr. W. O. TEMPLE and Mr. HARVEY RIDDELL, for plaintiff in error.

Mr. CHARLES CAVENDER, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

This is an action brought by plaintiff in error, as plaintiff below, against defendant in error, the board of county commissioners of Lake county, defendant below, to recover the sum of $874.48. The district court, having sustained defendant's demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, plaintiff is here with his writ of error.

Unless a constitutional question is involved, confessedly this court has not, under the court of appeals

act, jurisdiction of the writ, for the amount of the judgment, being less than $2,500, is insufficient to invoke it. We have repeatedly decided that to give jurisdiction to the supreme court on the ground that a constitutional question is involved, that question must be not only fairly debatable, but necessary to a determination of the controversy. If, then, the decision of the trial court as to the insufficiency of the complaint can be affirmed without passing upon the constitutional question, it is our duty so to declare, even though such determination withdraws the case from our jurisdiction, and inferentially constitutes an adjudication of the cause on its merits as the issues are now presented. This will, on analysis, be found to be one of the anomalous cases like *Board of Public Works v. Denver Telephone Co.*, 28 Colo. 401, and *Holmberg v. News-Times Pub. Co.*, 31 Colo. 456, which the supreme court has not jurisdiction to review on its merits, but where the reason it is impelled to give for that conclusion by inference sanctions the ruling of the trial court, as will be seen from the following discussion.

The complaint in substance charges that the plaintiff was the county treasurer of the county of Lake for the term beginning January 1, 1900, and ending December 31, 1901, and that under the salary act of 1891 (Session Laws 1891, 307), his annual salary as treasurer of Lake county, that being a county of the third class, was $3,000, or $6,000 for the term of two years, payable out of the fees and emoluments of his office. It is alleged that such fees and emoluments for the biennial period mentioned amounted to $5,874.48 which, under the act aforesaid, was less than his salary for the term, but, notwithstanding that fact, plaintiff paid into the county treasury all of such fees in excess of the sum of $5,000, viz., the sum of $874.48, because the general assembly in 1899 (Session Laws

1899, 331) purported to amend the salary act of 1891, whereby, *inter alia,* the annual salary of a county treasurer in a county of the third class was reduced from $3,000 to $2,500. Not wishing to be characterized as a defaulter, or unjustly charged with retaining, or ·failing to account for, the public money that came into his possession from the fees of his office in excess of his legal salary, plaintiff alleges that he paid into the county treasury of Lake county the said sum of $874.48, being all the fees and emoluments in excess of the sum of $5,000 which is his compensation under the act of 1899, if the same is valid, but· less than his salary under the act of 1891, and that he did·so under protest because this act of 1899 is unconstitutional and void, and his compensation remains as it was fixed by the act of 1891.

The demurrer, though general in its character, was based upon section 801 Mills' Ann. Stats. (Sess. Laws 1887, 241), the first sentence of which, and all that is material here, is as follows: "All claims and demands held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon." There was no allegation in the complaint that the plaintiff had presented to the board of county commissioners of Lake county for audit and allowance the claim upon which the action was brought. If this ruling of the court is right, its judgment dismissing the action should be sustained, and then the constitutional question sought to be raised becomes immaterial, and, under our established practice, cannot be considered. Whether the decision of the constitutional question is necessary to a determination of the cause depends, therefore, upon the sufficiency or insufficiency of the complaint, in the

absence of proper allegation of the presentation of the claim.

In *Rio Grande County v. Phye*, 27 Colo. 107, and in *Rio Grande County v. Bloom*, 14 Colo. App. 187, it is directly ruled that before an action in court can be maintained on a claim against a county, the claim must first be presented to the board of county commissioners for audit and allowance. Plaintiff, however, contends that the claim sued upon does not come within the purview of that statute, and cites in support of his contention *United States v. Mosby*, 133 U. S. 273; *Board v. Cutter*, 3 Colo. App. 349; *Walsh v. Denver*, 11 Colo. App. 523; *Palmer v. Fitts*, 51 Ala. 489; *State Bank v. Shaber*, 55 Cal. 322; *Clear Lake, etc., Co. v. Lake County*, 45 Cal. 90; and *Douglas Co. v. Taylor*, 50 Neb. 535.

Neither of these cases is in point. The action in the Mosby case was to recover a certain sum of money which the plaintiff had received while he was consul of the United States and had paid into the federal treasury. There was a controversy between him and the state department as to whether this money belonged to him or to the government, and as he did not wish to involve himself with the department while holding a subordinate position in it, or be subjected to the imputation of appropriating money which did not belong to him, he paid it into the treasury, relying upon the good faith of the government to repay the same upon a final settlement of accounts. It was held that the voluntary payment under the circumstances did not prevent the maintaining of the suit. The question of presentment or audit of the claim under a statute similar to ours, however, was not involved. The court in its opinion said that it was an honorable act upon the part of the officer to pay the sum into the treasury in the circumstances of the case, and the same observation may be made as to the

behavior of the plaintiff in this case, but there is nothing in that decision bearing upon the presentation of the claim for allowance to a county board or other similar body.

In *Board v. Cutler, supra*, the decision was that taxes levied upon property not subject to taxation and paid under protest to the treasurer may be recovered from the county without making a demand therefor. That decision was before the enactment of the statute which we are now considering requiring claims to be presented for audit and allowance.

In *Walsh v. Denver, supra* the point decided was that a person who has paid under protest a license fee required and exacted by a void ordinance is entitled to recover, because such payment was involuntary. That action, however, was against a city, and there was no occasion for considering or passing upon the statute now under consideration.

In the Alabama case the action was by a county solicitor against a county treasurer to recover a solicitor's fee. By a law of the state a solicitor's fee was made a direct charge upon the fines and forfeiture fund in the county treasury, a convicted defendant proving insolvent. The statute giving the fee required that the claim therefor should be verified and filed with the county treasurer, and that seemed to be, and was held to be, the only condition precedent to the right to sue upon it. The court also declared that without special legislation, of which there was none, a claim for a solicitor's fee that was made chargeable on the fines and forfeiture fund was not, in any event, payable out of the general fund of the county, and so the claim need not be presented to the court of county commissioners for allowance before suit.

In the case from 45 California the action was to recover damages under the provisions of a statute

which provided for compensating persons whose property was destroyed in consequence of mobs or riot. The court held that the act itself which created a new right provided a new remedy therefor which was exclusive and complete in itself, and there was no necessity for requiring a presentation to the board of a claim for such damages, for that body had no authority concerning it except to pay it, if judgment was recovered. In *State Bank v. Shaber, supra,* substantially the same ruling was made.

In *Douglas County v. Taylor, supra,* the action was to recover damages which the plaintiff sustained as to his real estate by reason of the grading of a street in front thereof by the public authorities. Among other things the court held that claims of this character were not within the general law requiring all claims against the county to be filed with the county clerk and presented to, and passed upon by, the board of county commissioners. The word ''claims,'' used in this statute, the court said, referred only to those claims originating in contract, express or implied, between the claimant and the county, and not to claims for damages for torts committed.

These authorities by necessary inference support the proposition that claims against a county originating in contract, express or implied, must, under a statute like ours, be presented to the board of county commissioners for audit and allowance before an action may be maintained thereon in any court. The claim here sued upon, if enforceable at all against the county, is so because the law implies a contract to the effect that the county will repay the amount turned into its treasury, if the act of 1899 is void. Hence, being a claim arising *ex contractu,* it is within the terms of the statute. It does not lie with plaintiff, after he sues the county, to say that his claim is not a charge upon the general county fund, and there-

fore not one that the county board can provide for. If he thought the claim was a specific charge upon a special fund created by law and placed in the hands of the county treasurer for liquidating the same, he should not have sued the county, but proceeded directly, in an appropriate action, against the county treasurer.

Since it appears that the demurrer could have been, and as a matter of fact was, rightly sustained upon a point not involving the validity of the statute assailed, and as it was, and is, not necessary to a decision of the present controversy to pass upon its constitutionality, this writ of error must be dismissed for want of jurisdiction.

*Writ of error dismissed.*