[No. 5454.]
[No. 3124 C. A.]

HENRY v. THE BOARD OF COUNTY COMMISSIONERS OF
SAN MIGUEL COUNTY, COLORADO.

**Counties—Claims Against—Necessity of Presentation—Injury to
Land—Statutory Construction.**

Mills' Ann. Stats., § 801, provides that "all claims and demands" against a county shall be presented for audit and allowance to the county commissioners before an action shall be maintainable thereon. Held, that injury to land caused by the county unlawfully entering thereon and constructing a road, is a "claim or demand" within the meaning of the statute, and must be presented to the board for audit and allowance before an action can be maintained thereon.—P. 269.

*Appeal from the District Court of San Miguel
County.*

*Hon. Theron Stevens, Judge.*

Action by Edward Henry against the board of county commissioners of· the county of San Miguel. From a judgment for defendant, plaintiff appeals.
*Affirmed.*

Mr. L. C. KINIKIN, for appellant.

.Mr. E. C. HOWE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Appellant, plaintiff below, filed his complaint against defendant in which he charged that the defendant "with a strong hand, unlawfully, forcibly and without any authority of law, entered upon plaintiff's land with horses, mules, men and machinery while plaintiff was absent from the United States" and constructed a road, whereby· plaintiff's property was injured and damaged. A demurrer was filed to this complaint and sustained. Plaintiff appeals.

Section 801 of Mills' Ann. Stats. provides, *inter alia*, that: "All claims and demands held by any

person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county in due form of law before an action in any court shall be maintainable thereon.''

There was no allegation in the complaint that the claim or demand had been presented to the board of county commissioners for allowance before the commencement of the action.

*Douglas County v. Taylor,* 70 N. W. 27, a Nebraska case, is relied upon by the plaintiff as authority for the theory that claims ⸰or demands of the character mentioned in the complaint need not necessarily be presented to the board of commissioners previous to the institution of an action. We might be controlled by the Nebraska case were it not for the fact that this court has repeatedly held that the provisions of the statute must be complied with before the suit can be maintained against a county by the person making the claim.—*Rio Grande County v. Rhye,* 27 Colo. 109; *Gregg v. Lake County,* 32 Colo. 357; *Rio Grande County v. Bloom,* 14 Colo. App. 188.

The appellant contends that these authorities are not decisive because each of them arises out of circumstances amounting to a contract, express or implied, and that the section referred to relates only to such claims as are included in the necessary expenses of the county, liquidated claims such as arise in regular transactions of the county, and in this case he says:

''The county brazenly and unlawfully took and damaged plaintiff's property and there is no contract between them, express or implied, and we submit that the suit is maintainable as brought and that the county should be ruled to answer the complaint.''

The words of the statute are ''all claims and demands'' must first be presented to the county com-

missioners. The expression "all claims and demands" is broad enough to include demands which are based upon unliquidated claims as well as those which are liquidated. We find in Black's Law Dictionary that the term *demand* means: "A claim; the assertion of a legal right; a legal obligation asserted in the courts. 'Demand' is a word of art of an extent greater in its signification than any other word except 'claim.' "—Co. Litt. 291; 2 Hill 220.

"Demand embraces all sorts of actions, rights and titles, conditions before or after breach, executions, appeals, rents of all kinds, covenants, annuities, contracts, recognizances, statutes, commons, etc. * * * Demand is more comprehensive in import than 'debt' or 'duty.'—4 Johns 536; 2 Hill 220. Demand, or claim, is properly used in reference to a cause of action.—32 How. Pr. 280."

The statute providing that all claims and demands against a county shall be presented to the board of county commissioners means demands and claims of all kinds. It is idle to say that a claim that the plaintiff has been injured by the wrongful acts of the commissioners and that he should be reimbursed for such damages is not a demand against the county. It is vain to say that a demand that the county pay the plaintiff the amount which he asserts he has been damaged by means of the wrongful conduct of the representatives of the county is not a claim against it. If this is not a claim or demand, the plaintiff has no cause of action; if it is a claim or demand, it should have been presented to the board of county commissioners for audit and allowance before action was brought.

The judgment of the district court will therefore be affirmed.                              *Affirmed.*

Chief Justice Steele and Mr. Justice Goddard concur.