### C. HOHMAN v. COUNTY OF COMAL.

1. By Article 1045, Paschal's Digest, it is provided that no suit can be maintained against a county "unless the claim upon which such suit is founded shall have first been presented to the county court for allowance, and such court shall have neglected or refused to audit or allow the same." The presentation to the county court, thus required, is a condition precedent and indispensable to the right to sue the county; and the petition will be demurrable unless it avers such presentation and disallowance.

2. In no other mode than by draft is a district judge authorized to direct the payment of money out of the county treasury. (Paschal's Digest, article 3399.) An account of a sheriff for services and expenses at a term of the district court, although allowed and approved by the district judge, is no such certificate or warrant as would authorize the county treasurer to pay money out of the county treasury; and on the refusal

of the county treasurer to pay such an account no right of action against the county would accrue.

3. A sheriff's account for expenses, etc., cannot be verified by his official certificate as sheriff, nor can he swear to it in his official capacity. It is an individual matter, and must be verified by his oath as an individual. (Paschal's Digest, articles 3391, 3393.)

APPEAL from Comal. Tried below before the Hon. George H. Noonan.

The opinion of the court shows the character of this case, and indicates the material facts.

*John P. White* and *J. W. Davis*, for the appellant, cited Paschal's Digest, articles 3393, 3394, 4395, and 3399.

*N. O. Green*, for the appellee.

OGDEN, J.—At the adjournment of the District Court for the county of Comal in November, 1869, the appellant, as sheriff of that county, presented to the district judge an account for services and expenses as sheriff, which account was endorsed "examined and approved," and signed by the judge. Thereupon the sheriff presented the account, so approved, to the treasurer of the county for payment, and on a refusal by the treasurer to pay the same, this suit was instituted in the district court against the county of Comal; and, on the trial of the same, the defendant demurred to the petition, and also filed a general denial, and the cause was submitted to the court without the intervention of a jury, and judgment was rendered for the defendant, from which the plaintiff appealed. The demurrer presented the question of the right of the county to sue and be sued. This question is most definitely settled in the affirmative by article 1045, Paschal's Digest, with this proviso and limitation, "that no county shall be sued unless the claim upon which suit is founded shall have first been presented to the county court for allowance." This proviso

is direct and positive, and without an exception, and is therefore a condition precedent to the right to sue. The county court is to the county what an executor or administrator is to the heirs or representatives of an estate, and therefore the law has in both instances made it necessary, in order to entitle a party to sue the trustee, that he first present his claim for payment or allowance. And in either case the party suing must clearly and positively set up the fact in his petition that the claim has been presented, and that the payment or allowance has been refused, or he will fail to show a good cause of action, and his petition will be bad on demurrer. In this case the account was never presented to the county court, but was presented to the county treasurer for payment. This did not comply with the statute, which requires the presentation to the county court; and by reference to article 1101, Paschal's Digest, it will be readily seen that the treasurer has no power or authority to settle or pay accounts, but he must pay only upon the certificate or warrant of some officer authorized by law to issue the same. We do not consider the account, approved as it was by the district judge, either a certificate or warrant which would have authorized the treasurer to pay the same, for the reason that the law requires every account approved by a district judge to be filed with the district clerk, and provides that the district judge shall give the sheriff a draft on the county treasurer for the amount of each account allowed by him. The district judge can authorize the payment of no money out of the county treasury excepting by draft. The county treasurer was not, therefore, authorized to pay the account as presented, and the appellant had no perfected right of action against the county of Comal. There is an error in the verification of the account which escaped the notice of the judge approving the same. Article 3393, Paschal's Digest, requires that all accounts shall be verified by the oath of the sheriff. There is no oath attached to the accounts sued on, but simply a certificate of the sheriff that

the accounts are correct, and signed officially by him. The law provides that the sheriff may officially certify to the service of a writ or any act made imperative by the law upon him as an officer, but he cannot officially certify to an individual matter, nor swear as an officer. The certificate to the sheriff's account was an individual matter, and should have been sworn to.

There is no error in the judgment, and it is affirmed.

Affirmed.