27   107
o32   361

### [No. 3832.]

## THE BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUNTY v. PHYE.

1. PRACTICE—CLAIM AGAINST COUNTY.

Before an action can be maintained on a claim against a county, the claim must have been presented to the board of county commissioners for allowance.   In an action begun before a court of record this fact must be alleged in the complaint, and in an action begun before a justice of the peace and appealed from the county court to the supreme court upon an agreed statement of facts, the statement must show that the claim was presented to the board before action was begun in order to sustain a judgment against the county.

2. APPELLATE PRACTICE—ORAL ADMISSIONS OF COUNSEL.

The appellate court will not consider oral admissions of counsel made in the trial in the lower court unless the admissions are preserved and properly appear in the record.

3. APPELLATE PRACTICE—CLAIM AGAINST COUNTY.

An objection that a claim against a county was not presented to the board of county commissioners for audit and allowance before suit was brought thereon, may be raised for the first time in the supreme court.

4. CONTRACTS.

A former occupant of the Soldiers' and Sailors' Home was refused re-

admittance, and being destitute became a charge upon the county. There was an understanding between the commander of the home and the chairman of the board of county commissioners that the commander would try to furnish a nurse for the pauper who was helpless, and the commander did employ a nurse for one day and paid him therefor, but refused to pay him anything further and the nurse continued to care for the pauper, the chairman of the board knowing that he expected pay for his services, but not knowing that he expected pay from the county. The county paid the board of the nurse as well as that of the pauper. In an action by the nurse against the board of county commissioners for compensation for his services, it is held that there was no implied contract by the board to pay plaintiff for his services and the county is not liable.

*Error to the County Court of Rio Grande County.*

Mr. C. M. CORLETT, for plaintiff in error.

Mr. JESSE C. WILEY, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was begun by plaintiff, the defendant in error, before a justice of the peace of Rio Grande county against the board of county commissioners of that county to recover for nursing a pauper. The judgment being in favor of the board, plaintiff appealed to the county court, and the action was there tried, resulting in a judgment for him, upon an agreed statement of facts from which, aside from formal matters, it appears that one Crowley was sick and destitute and became a county charge, and that plaintiff attended him as a nurse for twenty-two days and nights. Crowley for some time theretofore had been an inmate of the Soldiers' and Sailors' Home at Monte Vista but was discharged and refused readmittance. He was helpless and required an attendant constantly. French, as the commander of the home, engaged the plaintiff to take care of Crowley for one day, and paid him therefor, but refused to pay him any additional compensation. There was an understanding between French and the chairman of the board of county commissioners, who

was *ex officio* overseer of the poor, whereby French would try to furnish attendance upon Crowley. The chairman knew that plaintiff expected compensation for his services, but it does not appear that he was aware that this was expected of the board. It further appears that the commissioners paid the board of plaintiff and Crowley for the full period during which plaintiff's services were rendered. This writ of error was brought by the board to review the judgment.

The first clause of section 801, Mills' Ann. Stats. (Sess. Laws, 1887, p. 241) reads: "All claims and demands held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon."

There is nothing in the record to show that the claim upon which this action was founded was presented for such audit and allowance, and this presentation is a condition precedent of the right to maintain an action thereon in any court. Had the action originated in a court of record where pleadings are required, the complaint must have contained an averment of such presentation, otherwise it would fail to state facts sufficient to constitute a cause of action. For the purpose of determining the sufficiency of plaintiff's case, the agreed statement of facts corresponds to, and may be deemed the equivalent of, the complaint. And since there is an absence therefrom of a showing that this statute was complied with, the action must fail. Such is the plain meaning of our statute, and to this effect are the authorities: *Lawrence v. City, etc.*, 51 Miss. 68; *Hohman v. County of Comal*, 34 Tex. 36; *Ellisson v. Halleck*, 6 Cal. 386; *McCann v. Sierra Co.*, 7 Cal. 121; *Powder R. C. Co. v. Comrs. Custer Co.*, 9 Mont. 145.

Defendant in error says, however, in argument, that, as a matter of fact, this claim was presented to the board, and when the statement of facts was signed, its attorney admitted that this condition precedent had been complied with. If this be true it is unfortunate for plaintiff, for appellate

courts do not regard oral stipulations of counsel made below and not appearing in the record. We are limited in the case at bar to the stipulation of facts and bound by its recital; and since it does not show a compliance with the statute, we must hold that this action was premature, and that the objection may be raised at any time.

In the event of a new trial, we deem it proper to say that, on the facts as stipulated, the county is not holden. Our attention has been called to a line of cases declaring that a municipality may be liable under an implied contract for necessaries furnished and services rendered to a county charge; and to another class which lays down the doctrine that the county is bound only upon an express contract. We are inclined to the view that, in some circumstances, under our statute expressly making paupers a county charge, the county may be liable on an implied contract. But that question is not necessarily before us, for, if it be assumed that a recovery may be had upon an implied contract, the facts appearing in this record do not establish it. That the county ought to have furnished and paid for the nursing of the county charge may be, and doubtless is, true. That it did not, through its proper officers, expressly or impliedly incur the obligation to pay plaintiff, seems clear, if the agreed statement contains all the facts. The chairman of the board, it is true, knew that plaintiff expected payment for his services; but there is nothing in the stipulation to show that he supposed that the plaintiff intended to rely upon the county. If any fact, other than those stipulated, is to be implied from those expressed, it is that the chairman of the board inferred that the compensation would be made by French, representing the Soldiers' and Sailors' Home, inasmuch as that official had employed and paid the plaintiff for one day's services, and the understanding between French and the chairman was that the former would at least try to furnish a nurse for the pauper.

At any rate, there is nothing in the stipulation to show that the chairman of the board employed the plaintiff to give

his services, or had cause to believe that the county would be expected to pay for them, nor are any facts shown which constitute an implied contract to pay. Though the amount involved is small, and the demands of humanity would seem to appeal to the board to allow this claim, we can find no justification in the stipulated facts for sustaining the judgment against the county.

Upon a new trial the facts may be different. We do not, therefore, direct what judgment shall be rendered by the county court, but reverse the judgment and remand the cause for a new trial.

*Reversed.*