[No. 5693.]

THE CITY AND COUNTY OF DENVER v. BOTTOM ET AL.

1. **Constitutional Law, Article XX** — The twentieth article does not affect state or county, but only local or municipal governments. A claim against the former county of Arapahoe, is a liability against the county of Denver, not against the city and county, and is to be prosecuted according to the provisions of Mills' Stats., § 801.—P. 310.

2. **Counties—Actions Against**—A county warrant is to be enforced by mandamus to compel payment. An action upon a warrant, inasmuch as the judgment would be satisfied by a new warrant, is an idle proceeding which the courts will not tolerate.—P. 310.

No action can be maintained against the county until the claim has been presented to the board of commissioners for audit and allowance.—P. 310.

3. **Mandamus** lies to compel payment of a county warrant. —P. 311.

*Appeal from Denver District Court.*
*Hon. John I. Mullins, Judge.*

Mr. HARRY A. LINDSLEY and Mr. W. B. TEBBETTS, for appellant.

Mr. HARRY E. KELLY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

On November 20th, 1903, John T. Bottom brought an action against the city and county of

Denver, and in his complaint alleges that he was employed as county attorney by the board of county commissioners of the former county of Arapahoe; that he rendered the services contracted for, and that, by article XX of the constitution, defendant became liable to pay therefor. Upon the issues joined, plaintiff recovered a judgment in the sum of $1,140.80, and defendant appealed. Plaintiff assigns cross-errors.

Defendant's liability depends in part upon the validity of the contract of employment, and partly upon the construction to be given to article XX, by which, among other things, the former county of Arapahoe was abolished and the new city and county of Denver, defendant herein, was created. At the time this action was begun and when judgment was rendered, some decisions had been announced by this court construing some portions of this article. After this appeal was taken other decisions, some of them after the briefs were filed, explaining the same and other provisions, were handed down, which counsel say control, or affect, this action. We have not had the benefit of argument of counsel as to their pertinency and bearing, and considering this and other facts presently to be mentioned, we do not consider it appropriate at this time to pass upon the merits further than is necessary in considering our statute relating to county government and the decisions upon it.

Plaintiff's theory of his rights under his contract of employment with the board of commissioners of the former county of Arapahoe is that the claim constitutes a legal liability of that county—that is, a claim against a county, not a city, payment of which was assumed, as one of the results of article XX, by the new city and county of Denver. One of the things already determined by this court is that article

XX does not affect state or county, but only local or municipal, governments. County government and county offices remain in the new the same as in all other counties of the state, and its municipal and county government is distinct. The new county, as one of the governmental subdivisions of the state, and its board of county commissioners, were legally existing when this action was begun. Plaintiff's claim against the new county, if good, must be enforced as a claim against the county government of this new corporate body, and he must follow the statutes of this state which furnish the procedure for the allowance of claims against counties. Section 801, Mills' Ann. Stats., provides that "All claims and demands held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon." If the claim here sued upon is a legal liability of the new county, as to which we express no opinion, plaintiff was not, under this statute, entitled to maintain an action in court to enforce it, unless he had previously presented the demand to its board of commissioners for audit and allowance and the same had been disallowed. There is no allegation in the complaint that he complied with this provision of the law, and his pleading was therefore fatally defective.—*Rio Grande County v. Phye,* 27 Colo. 107; *Beeney v. Irwin,* 6 Col. App. 66; *Parks v. Hays,* 11 Col. App. 415.

Plaintiff's case is not aided by the fact, which we gather from the record, that he did comply with this statute and received county warrants for at least some portion of his claim. The same section which requires a presentation of claims and demands for audit and allowance provides how, and out of

what fund, warrants which are issued upon the allowance thereof shall be paid.   If plaintiff has warrants for his claim, his proper action is mandamus against the county treasurer if the latter refuses payment.   Plaintiff, however, ought not to sue upon such warrants and obtain judgment; because, if he did so, he would not be entitled to an execution against the county, but only to other warrants to the amount of the judgment.   This would be an idle procedure which the courts will not tolerate.   It is sufficient, however, to say that the causes of action in the complaint were not based upon warrants, but upon unpresented claims which, it is alleged, the county refuses to pay.   The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion, with leave to the parties to amend their pleadings and to bring in other parties as they may be advised.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.