No. 21074.

EDGAR G. CALAHAN *v.* COUNTY OF JEFFERSON, JEFFERSON
COUNTY PLANNING COMMISSION, EDWARD J. WOLF, R. S.
COOLEY, IVAN D. THOMAS, RALPH CARTER AND
CHESTER L. HOSKINSON.
(429 P.2d 301)

Decided July 3, 1967.

ROBERT G. MCILHENNY, for plaintiff in error.

Robert K. Willison, Joseph E. Maker, for defendants in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The parties to this writ of error appear in this Court in the same order as they did in the trial court. Plaintiff in error, Calahan, will be referred to as plaintiff, or by name, and the defendants in error will be referred to as the defendants.

Calahan brought suit seeking an order vacating a dedication of a strip of land. The land in question is a strip about 20 feet wide and 1812 feet long, which borders part of Wadsworth Boulevard in Jefferson County. Plaintiff alleged that the strip was dedicated by him under duress and business compulsion because the Jefferson County Planning Commission refused to approve various proposed subdivision plats unless plaintiff first dedicated the strip to the county. Plaintiff alleged that he was thus deprived of his property without due process of law, in violation of the Colorado Constitution. Part of the complaint (the "second claim") was dismissed on motion prior to trial; and at the close of the plaintiff's evidence, the trial court entered judgment dismissing the other two claims of the complaint. Calahan brings writ of error from the judgment of dismissal.

Throughout the pleadings and other proceedings in this case the county was designated as "County of Jefferson." However, C.R.S. '53, 36-1-5 (which now appears as C.R.S. 1963, 36-1-5) requires that:

"* * * In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The Board of county commissioners of the county of ⸺'; * * *"

■ This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case. *John Deere Plow Co. v. County of Phillips,* 97 Colo. 196, 48 P.2d 793; *Board of County Comm'rs. v. Churning,* 4 Colo. App. 321, 35 P.918.

■■ Furthermore, the trial court correctly found that Calahan had failed to comply with the requirements of C.R.S. '53, 36-2-10 (which now appears as C.R.S. 1963, 36-2-10). That statute requires that:

"* * * All claims and demands held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, *before an action in any court shall be maintainable* thereon, * * *" (Emphasis added.) Calahan's claim against the county, even though unliquidated, is required to be presented to the Board of County Commissioners for their allowance or disapproval *prior* to bringing any action based on that claim. *Mitchell v. Board of County Comm'rs.,* 112 Colo. 582, 152 P.2d 601; *Henry v. Board of County Comm'rs.,* 41 Colo. 267, 92 P.697. Not only did plaintiff fail to include in his complaint the necessary allegation that the claim had been presented, *Board of County Comm'rs. v. Phye,* 27 Colo. 107, 59 P.55, but he also failed to put on any proof to that effect at trial. *Board of County Comm'rs. v. Bloom,* 14 Colo. App. 187, 59 P.417. In construing this same statute, we have held just such a set of pleadings to be insufficient as a matter of law:

"If the claim here sued upon is a legal liability of the new county, as to which we express no opinion, plaintiff was not under this statute entitled to maintain an action in court to enforce it, unless he had previously presented the demand to its board of commissioners for audit and allowance and the same had been disallowed. There is no allegation in the complaint that he complied with this provision of the law, and his pleading was

therefore fatally defective. * * *" *Denver v. Bottom,* 44 Colo. 308, 98 P.13.

The judgment is affirmed.

MR. JUSTICE DAY not participating.