## No. 27811

**Charles Heim, Leo Ververs and Thom Foulks as the Board of Directors of the El Paso County Department of Social Services v. District Court in and for the Fourth Judicial District, County of El Paso, and Joe A. Cannon, a District Judge**

(575 P.2d 850)

Decided March 6, 1978.                    Rehearing denied March 27, 1978.

Quigley, Palermo & Warren, Christopher D. Whitney, for petitioners.

Maclaughlin, Ciccolella & Barton, John B. Ciccolella, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The issues in this case were framed in an original proceeding. In 1976, the District Court in and for the County of El Paso, respondent, entered an order relating to the care, support, and maintenance of a child in need of supervision. The court ordered that (1) the legal custody of D.M.S would remain in the El Paso County Department of Social Services; (2) the physical custody of D.M.S. would be at the Youth Treatment Center; and (3) the El Paso County Department of Social Services must pay for the placement of D.M.S. at the Youth Treatment Center. The Board of Directors of the El Paso County Department of Social Services, petitioner, refused to pay the Youth Treatment Center. The court thereafter ordered that a citation be issued to the petitioner directing it to show cause why it should not be held in contempt. The petitioner then initiated this original proceeding seeking relief in the nature of prohibition. We now discharge the rule to show cause.

The petitioner concedes that the court possessed jurisdiction to order the placement and treatment of D.M.S. at the private facility. It is contended, however, that the district court lacked jurisdiction to order the petitioner to bear the costs of private treatment prior to the presentment of a claim pursuant to section 30-25-110(1), C.R.S. 1973. We disagree.

We have previously held that courts have the jurisdiction to enter custodial orders placing a juvenile in private facilities and directing that the appropriate county department of social services pay the cost of such private treatment. *City and County of Denver v. Brockhurst Boys Ranch, Inc.,* 195 Colo. 22, 575 P.2d 843; *City and County of Denver v. Juvenile Court,* 182 Colo. 157, 511 P.2d 898 (1973). Our earlier decisions, however, did not require us to address an asserted conflict in the Colorado statutes.

Section 30-25-110(1), C.R.S. 1973, requires the presentment of claims to the board of county commissioners prior to the initiation of an action to enforce such claims. We are reminded that disputed claims can be made the subject of a suit only after the presentment and disallowance of the claim. *Calahan v. County of Jefferson,* 163 Colo. 212, 429 P.2d 301 (1967).

The presentment statute, however, does not apply to a court's order designating the source of payment for services to be rendered by a facility pursuant to a court's custodial orders. Such an order, as opposed to a payment order entered after compliance with the presentment statute, does not create a specific dollar liability. A source of payment order

designates the particular governmental entity which is liable for the payment of the facility's reasonable fees. The facility must still comply with the presentment statute prior to seeking enforcement of liability for an actual claim.

A contrary conclusion, that courts do not possess jurisdiction to enter a source of payment order, would unduly restrict the courts' discretion under the Colorado Children's Code. Section 19-1-101 *et seq.*, C.R.S. 1973. The courts' inability to designate the source of payment could also result in the denial of liability by numerous governmental entities, cause lengthy litigation, and discourage private facilities from providing care to children adjudicated to be in need of supervision.

Accordingly, the rule is discharged.

MR. JUSTICE LEE does not participate.