**The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Brian Kent HOOD, Defendant,**

**and Concerning Sheriff of Morgan County, Colorado, Appellee,**

and

**Board of County Commissioners of El Paso County and Sheriff of El Paso County, Colorado, Appellants.**

No. 92CA1106.

Colorado Court of Appeals, Div. III.

Dec. 30, 1993.

Christina C. Bauer, Morgan County Atty., Douglas J. Marston, Asst. County Atty., Brush, for appellee.

Beth A. Whittier, El Paso County Atty., Alan W. Samber, Asst. County Atty., Colorado Springs, for appellants.

Opinion by Judge REED.

The Board of County Commissioners and the Sheriff of El Paso County appeal from the order of the district court which decreed that El Paso County remained financially responsible for the expenses incurred by the sheriff's department in Morgan County for its housing and securing two prisoners sent to it pursuant to a change of venue order entered by the District Court of El Paso County. We reverse and remand with directions.

Brian Hood was charged in El Paso County with first degree murder and other serious offenses. Because of widespread pre-trial publicity surrounding the case, the trial court, on July 15, 1991, granted a change of venue to Morgan County pursuant to Crim.P. 21.

Accordingly, on September 27, 1991, Hood was transferred to the Morgan County Detentional Facility and remained incarcerated there for several months, until completion of the criminal proceedings against him. Also, Hood's co-defendant, Jennifer Reali, was transferred to the Morgan County facility for purposes of testifying as a witness in Hood's trial. The total costs incurred by the Morgan County Sheriff's Department for housing and securing both Hood and Reali are claimed to be $12,833.

On January 2, 1992, after the criminal trial, the Morgan County Sheriff filed a motion in Hood's criminal case. That motion sought an order by the district court that the El Paso County Sheriff's Department and Hood reimburse the Morgan County Sheriff's Department for expenses incurred by it in housing and securing Hood and Reali.

Having received a copy of the motion and notice, El Paso County filed its written objections to the motion, arguing that the Morgan County Sheriff lacked standing to intervene in the criminal case. At the hearing on

January 10, 1992, it also challenged the jurisdiction of the Morgan County District Court to grant the relief requested because the Sheriff's claim had not been presented to and denied by the El Paso Board of County Commissioners which, it contended, was a prerequisite before resort could be had to the courts.

The trial court overruled El Paso County's objections and refused to dismiss the Sheriff's motion. It determined, on January 10, 1992, that it had ancillary jurisdiction over the issues concerning Hood's incarceration, including which county was financially responsible for his housing and security. In its order, the trial court reiterated that it was not deciding the reasonableness or the amount of the expenses incurred. Rather, it stated that it was simply deciding the "source of payment."

Despite the statements at the hearing by the Morgan County attorney, the record is without dispute that at the time of the hearing, no claim on behalf of the Sheriff of Morgan County had been filed with or denied by the Board of County Commissioners of El Paso County.

Subsequently, Morgan County did submit the Sheriff's claim for reimbursement to the El Paso Board of County Commissioners pursuant to § 30–25–110, C.R.S. (1986 Repl. Vol. 12A). It was denied on April 13, 1992.

After further hearings, concluding May 8, 1992, the trial court determined that El Paso County remained financially responsible for Hood's and Reali's housing and security expenses which were incurred after the change in venue. It refused, however, to enter a monetary judgment for that amount, as requested by Morgan County.

Relying upon *People v. Ham*, 734 P.2d 623 (Colo.1987), El Paso County argues that Morgan County "lacked a legally cognizable interest" to intervene in Hood's criminal case. It contends that there is no rule in the Colorado Rules of Criminal Procedure which allows for non-party intervention in a criminal prosecution and that the financial responsibility of the counties had no relevance to the issues before the trial court in Hood's criminal case. We agree.

We conclude that *People v. Ham, supra*, precludes the Sheriff from intervening in Hood's criminal case.

In *People v. Ham, supra*, the defendant pleaded guilty to third degree assault, and the court sentenced him to the custody of the executive director of the Department of Corrections (Department) for a period of two years. The court also recommended that the sentence be served at a correctional facility located in Buena Vista, Colorado.

Subsequently, the Department moved, pursuant to C.R.C.P. 24, to intervene in the defendant's criminal case to contest the legality of the sentence. In that motion, it claimed that it had an interest "in determining how and for whom its bed space and other resources are to be allocated," and that intervention was necessary to protect its interests. The trial court thereafter denied the Department's motion to intervene.

Our supreme court upheld the trial court's ruling, stating that the "provisions of C.R.C.P. 24 relating to intervention in a pending civil controversy, were neither designed for nor should be applied to a criminal case." *People v. Ham, supra*, 734 P.2d at 626. The court reasoned that permitting the Department to intervene would "unnecessarily invite applications in other cases by third parties whose interests may be no less indirectly affected than those of the department by the guilt and sentencing phases of a criminal prosecution." *People v. Ham, supra*, 734 P.2d at 626–27. The court, therefore, concluded that *absent truly exceptional circumstances*, the request of a third party to intervene in a criminal case should not be permitted.

We conclude that *People v. Ham, supra*, is controlling here. Therefore, we determine that the trial court erred in allowing the Sheriff to intervene in Hood's criminal case.

The issues involved in the Sheriff's motion were totally different in character from the issues involved in Hood's case, and therefore, the motion was an encumbrance upon the criminal process. The Sheriff's motion required the court to consider which county was responsible for the costs incurred

in a change of venue case. The issues involved in Hood's criminal case involved the guilt or nonguilt of the accused, and the sentence to be imposed upon conviction. *See People v. Ham, supra.*

■ We conclude that no exceptional circumstances existed here to allow the Sheriff to intervene in Hood's criminal case. *See People v. Ham, supra.* As support for this conclusion, we note that Colorado's statutory scheme provides a civil procedure which the Sheriff could have pursued in seeking reimbursement from El Paso County.

Section 30–25–110, C.R.S. (1986 Repl.Vol. 12A) delineates the specific procedure which a party must follow in making a claim against a county. It states:

> Any claim or demand held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, *before an action in any court* shall be maintainable thereon.... (emphasis supplied)

Compliance with this statute is mandatory before initiating any legal action in the district court. *See Calahan v. County of Jefferson,* 163 Colo. 212, 429 P.2d 301 (1967); *cf. Heim v. District Court,* 195 Colo. 107, 575 P.2d 850 (1978) (court has jurisdiction to designate the source of payment incident to its custodial order under powers granted by Children's Code).

Here, the record suggests no circumstance, exceptional or otherwise, to justify the Sheriff's intervention into this criminal proceeding which could not have been accommodated by following the statutory procedure prescribed therefor.

Further, we conclude that *City & County of Denver v. Brockhurst Boys Ranch, Inc.,* 195 Colo. 22, 575 P.2d 843 (1978), *Heim v. District Court, supra,* and *City & County of Denver v. Juvenile Court,* 182 Colo. 157, 511 P.2d 898 (1973) are inapposite and do not provide support for the Sheriff's argument that the trial court acted properly in allowing him to intervene in Hood's criminal case.

In both *Brockhurst* and *Heim,* our supreme court determined that, under the Colorado Children's Code, district courts have jurisdiction to enter custodial orders placing a juvenile in a private facility and to require the proper department of social services to pay the cost of such treatment. Further, in *Juvenile Court,* our supreme court determined that the juvenile court has the power and duty, pursuant to the Children's Code, to make rulings regarding the custody and care of a child in a private treatment facility. Thus, these cases were decided based upon the broad powers given to courts under the Colorado Children's Code which involve a subject matter over which the court has exclusive jurisdiction and in which expeditious child placement is essential.

Here, we are not concerned with issues pertaining to a juvenile court and its powers under the Children's Code. Rather, as stated previously, we are concerned with the intervention of a party in a criminal proceeding to assert a civil claim when no exceptional circumstance are present. Accordingly, we determine that the trial court erred in allowing the Sheriff to intervene in Hood's criminal case. *See People v. Ham, supra.*

The order is reversed, and the cause is remanded with directions that the Sheriff's motion be dismissed.

CRISWELL and NEY, JJ., concur.