**CAMAS COLORADO, INC., an Indiana corporation, d/b/a Bituminous Roadways of Colorado, Inc., Plaintiff–Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS, County of Jefferson, State of Colorado, a body politic and corporate, Defendant–Appellee.**

No. 00CA0058.

Colorado Court of Appeals, Div. IV.

April 12, 2001.

Certiorari Denied Dec. 17, 2001.

Holland & Hart LLP, J. Kevin Bridston, Timothy W. Gordon, Denver, CO, for Plaintiff–Appellant.

Frank J. Hutfless, Jefferson County Attorney, William A. Tuthill, III, Assistant County Attorney, Timothy P. Cox, Assistant County Attorney, Golden, CO, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action arising from a public works contract, plaintiff, CAMAS Colorado, Inc., an Indiana corporation, d/b/a Bituminous Roadways of Colorado, Inc. (Contractor), appeals the trial court's judgment dismissing its claims against defendant, the Board of County Commissioners of Jefferson County (the County), for lack of subject matter jurisdiction. Contractor specifically challenges the trial court's holding that all of its claims are barred by both the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2000, and the applicable statutes of limitations. We affirm in part, reverse in part, and remand with directions.

In February 1995, Contractor entered into a contract with the County for a roadway construction project. By its terms, the contract incorporated the bid information, which included the following addendum (the Addendum):

> [The County] is working with the utility companies on the schedule and location of relocated utility lines. [The County] does not feel that utility relocation work will conflict with the roadway construction and should not have a negative impact on the construction schedule.

The contract required that the construction be completed in 180 days and provided that the County's liability could not exceed a specified maximum amount absent written authorization by the County through signed change orders.

After starting the construction, Contractor discovered that certain utility facilities materially interfered with its performance of work on the project. In August 1995, Contractor sent a letter to the County Attorney expressing its concern about the utility conflicts and also claiming that there were errors and omissions in the contract plans. Contractor asserted that, as a result, it had encountered significant delays and incurred extra costs. The letter stated that it was a "notice of intent to file a claim with the County."

In August 1996, Contractor presented a formal claim to the County for compensation arising from additional work on the project, as required by § 30–25–110(1), C.R.S.2000. The County denied the claim in May 1998. The County also informed Contractor that it was removing Contractor's prequalification status for contracts with the County, thus preventing Contractor from bidding on future contracts.

Contractor filed this action in June 1998, asserting claims based on breach of contract, *quantum meruit*, fraud, negligent misrepresentation, rescission and restitution, and interference with future contracts. It also sought injunctive and mandamus relief. The trial court dismissed all the claims for lack of subject matter jurisdiction, finding that they were barred by the CGIA. The court further found that all the claims were barred by

§ 13–80–102, C.R.S.2000, the two-year statute of limitations for tort claims.

## I. CGIA

First, Contractor contends that its claims against the County arise out of a contractual relationship and are therefore not barred by the CGIA. We agree that the claims other than those for fraud, negligent misrepresentation, and interference with future contracts are not barred.

■ Sovereign immunity issues concern subject matter jurisdiction and thus are determined in accordance with C.R.C.P. 12(b)(1). *See Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). Any factual dispute upon which the existence of jurisdiction may turn is for the trial court to resolve, and an appellate court may not disturb the factual findings of the trial court unless they are clearly erroneous. However, if, as here, the underlying facts are undisputed, the issue is one of law, and a reviewing court is not bound by the trial court's determinations. *City of Colorado Springs v. Conners,* 993 P.2d 1167 (Colo.2000); *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993).

■ Section 24–10–106(1), C.R.S.2000, provides in pertinent part that: "A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant...." Public entities are not immune from actions for damages arising in contract. *City of Colorado Springs v. Conners, supra; Berg v. State Board of Agriculture,* 919 P.2d 254 (Colo.1996).

■ Because governmental immunity is in derogation of Colorado's common law, the grant of immunity is to be strictly construed, and a waiver of that immunity is to be liberally or deferentially construed. *Walton v. State,* 968 P.2d 636 (Colo.1998).

■ In determining whether a particular claim is one that lies in tort or could lie in tort for purposes of the CGIA, a court must consider the nature of the injury and the relief sought. This determination must be made on a case-by-case basis. *See City of Colorado Springs v. Conners, supra.*

### A.

■ Contractor's fourth claim, for fraud, and its fifth claim, for negligent misrepresentation, lie in tort. *See Amoco Oil Co. v. Ervin,* 908 P.2d 493 (Colo.1995); *Olsen & Brown v. City of Englewood,* 867 P.2d 96 (Colo.App.1993), *aff'd,* 889 P.2d 673 (Colo. 1995). Also, contractor's eighth claim, for interference with future contracts, is a tort claim. *See Grimm Construction Co. v. Denver Board of Water Commissioners,* 835 P.2d 599 (Colo.App.1992). Accordingly, we agree with the trial court's conclusion that these claims are barred by § 24–10–106(1).

### B.

■ Contractor's first claim, for breach of contract, is based on various alleged failures by the County to perform under the contract.

■ In determining whether a claim is contractual or lies in tort, a court should examine whether the claim and the duty allegedly breached arise from the terms of the contract itself. *Morrison v. City of Aurora,* 745 P.2d 1042 (Colo.App.1987).

Here, the primary focus of the claim is the recital in the Addendum that the County did not believe the utility relocation work would conflict with the roadway construction or have a negative impact on the construction schedule. As noted, the Addendum was incorporated into the contract itself. Also, the contract contained specific provisions for payment of additional costs resulting from delays caused by action or inaction by the County for which the County assumed contractual responsibility.

Further, the nature of the alleged injury and the relief sought by Contractor in this claim are contractual. Contractor seeks to recover its additional costs resulting from the delays attributable to the County's alleged breaches, and it is not seeking damages sustained outside its contract with the County. We therefore conclude that, under the analysis in *City of Colorado Springs v. Conners, supra,* and *Berg v. State Board of Agricul-*

*ture, supra,* the breach of contract claim is not one that lies or could lie in tort. It is thus not barred by the CGIA.

## C.

◼ Contractor's second and third claims are for *quantum meruit* and seek recovery based on the reasonable value of the additional work allegedly performed as a result of the alleged design errors and the conflicts Contractor encountered with the utility facilities.

◼◼ A claim for *quantum meruit* is essentially based on implied contract. While relief on this theory is generally denied where there is an express contract between the parties, *"[q]uantum meruit* is an appropriate basis for recovery when substantial changes occur which are not covered by the contract and are not within the contemplation of the parties and the effect of such changes is to require extra work or to cause substantial loss to the contractor." *Scott Co. v. MK–Ferguson Co.,* 832 P.2d 1000, 1002–03 . (Colo.App.1991).

Such is the situation here. Thus, the *quantum meruit* claims are contractual, as the duty allegedly breached, the injury claimed, and the relief sought are all contractual. We therefore conclude that these claims do not, and could not, lie in tort and are not barred by the CGIA.

## D.

◼ Contractor's sixth claim is for rescission of the contract and restitution based on mutual mistake.

◼ Rescission is an equitable remedy that may be allowed upon a showing that an agreement is founded on a mutual mistake of facts. *Hailpern v. Dryden,* 154 Colo. 231, 389 P.2d 590 (1964).

The equitable relief sought here, as well as the alleged damages, arise from the parties' contract. Because this claim is again not one that lies, or could lie, in tort, the trial court erred in finding it was barred by the CGIA.

## E.

◼ Contractor's seventh claim is for mandatory injunctive relief under C.R.C.P. 65 and relief in the nature of mandamus under C.R.C.P. 106. Contractor thus seeks to have the court direct the County to drop its suspension of Contractor's prequalification status for future public projects. In dismissing this claim, the trial court simply stated, "[Contractor] has not established that the County is improperly taking this stance."

Again, however, the focus of the analysis must be on whether the claim lies or could lie in tort. The trial court appears not to have undertaken such an analysis as to this claim.

◼ Claims for mandamus or injunctive relief are noncompensatory claims and are thus not claims that lie or could lie in tort. *See City of Colorado Springs v. Conners, supra; Jones v. Northeast Durango Water District,* 622 P.2d 92 (Colo.App.1980). Therefore, the trial court erred in ruling that the seventh claim was barred by the CGIA.

## II.   Statute of Limitations

Contractor contends that the trial court also erred in finding that all of its claims were barred by § 13–80–102, the two-year statute of limitations for tort claims. We need address this contention only as to those claims for which the County has no immunity. As to those claims, we agree.

◼ Generally, a statute of limitations defense should not be raised by a motion to dismiss. However, the defense may be considered upon a motion to dismiss when the bare allegations of the complaint reveal that the action was not brought within the required statutory period. *Wasinger v. Reid,* 705 P.2d 533 (Colo.App.1985); *see also* 2A *Moore's Federal Practice* § 12.10 (2d ed.1985).

Here, Contractor alleged in its complaint that it discovered the conflict with the utility lines in February 1995, and the trial court found that its claims therefore accrued at that time. The court held that, because the complaint was not filed until June 1998, the claims were untimely.

However, as discussed, Contractor's claims for breach of contract, *quantum meruit,* rescission and restitution for mistake are not tort claims. Therefore, contrary to the trial court's holding, these claims are not governed by the two-year limitation provision of § 13–80–102. Rather, they are governed by § 13–80–101(1)(a), C.R.S.2000, which provides that a civil action on a contract shall be commenced within three years after the cause of action accrues.

The County urges, however, that even if a three-year limitations period governs the contract claims, they are nevertheless barred because they accrued in February 1995, when Contractor discovered the conflict with the utility facilities, and this action was filed more than three years later.

Contractor argues that the statute of limitations for these claims was tolled until May 1998, when the County disallowed Contractor's formal claim presented pursuant to § 30–25–110(1). We agree with Contractor.

Section 13–80–108(6), C.R.S.2000, provides that: "A cause of action for a breach of any express or implied contract ... shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."

Section 30–25–110(1) provides that: "Any claim or demand held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon . . . ."

The purpose of this claim presentment statute is to give the county an opportunity to pay a claim before being required to defend against it in court. *Tisdel v. Board of County Commissioners,* 621 P.2d 1357 (1980).

Compliance with the claim presentment statute is a prerequisite to suing a county on contract claims. Further, the statute has been construed to preclude the filing of an action unless the claim has been both presented to the board of commissioners *and* disallowed. *See Calahan v. Jefferson County,* 163 Colo. 212, 429 P.2d 301 (1967); *City &*

*County of Denver v. Bottom,* 44 Colo. 308, 98 P. 13 (1908).

In *Board of Commissioners v. Flanagan,* 21 Colo.App. 467, 122 P. 801 (1912), a division of this court held that where a claim is presented to a county within the statutory period, the county may not invoke the statute of limitations if, after presentment, the claimant prosecuted the claim with reasonable diligence. In such a situation, the division held, the running of the statute of limitations would be tolled until the county either rejected or allowed the claim. In *Flanagan,* the plaintiff presented his claim to the county in 1872, and the board of county commissioners did not reject it until 1907. The court determined that, under the circumstances, the claim was not barred by the statute of limitations.

In arguing that *Flanagan* is inapplicable, the County correctly points out that § 30–25–110(1) was not in effect in 1872 when the *Flanagan* claim was presented to the county authorities. The statute was not enacted until 1887. We nevertheless conclude that the same result as in *Flanagan* should obtain here.

As discussed, Contractor presented its formal claim to the County in August 1996, well within either a two- or a three-year limitation period. The County did not disallow it until May 1998.

Most courts of other jurisdictions have held that where a statute requires presentment of a claim to a county and prohibits suit until the claim has been rejected, the statute of limitations does not run or is suspended between the time the claim is filed and the time it is acted upon by the county. *See Dillon v. Board of Pension Commissioners,* 18 Cal.2d 427, 116 P.2d 37 (1941) (noting that running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his or her rights); *Trammel's Lubbock Bail Bonds v. Lubbock County,* 60 S.W.2d 145 (Tex.App. 2001); *Colby v. Columbia County,* 202 Wis.2d 342, 550 N.W.2d 124 (1996); *see generally* Annot., 3 A.L.R.2d 711 (1949).

In such a situation, a plaintiff should not be penalized for circumstances beyond his or her control, provided that good faith efforts are made to pursue the claim. *Cf. Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094 (Colo.1996).

Here, there is no suggestion that Contractor failed to prosecute its claims in good faith and with diligence. We therefore conclude that the pertinent statute of limitations governing the Contractor's express and implied contract claims was tolled during the period between August 1996, when the claims were presented, and May 1998, when they were disallowed by the County.

Accordingly, the trial court erred in determining that such claims were barred by the statute of limitations.

That part of the judgment dismissing Contractor's first, second, third, sixth, and seventh claims for relief is reversed; and the cause is remanded for reinstatement of, and further proceedings on, those claims. The judgment dismissing all the other claims is affirmed.

DAVIDSON and RULAND, JJ., concur.