**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SENECA NICHOLSON, and a class of
African American Employees and
ex-employees of Jefferson County who
have [been] unfairly treated and/or
terminated, and a class of probationary
employees who have been
disadvantage [sic] in violation of the
Fair Labor Standards Act by the
customs and policies of Jefferson
County, including the failure to pay
overtime wages owed,

        Plaintiff - Appellant,

  v.

JEFFERSON COUNTY; JEFFERSON
COUNTY DIRECTOR OF
ADMINISTRATIVE SERVICES;
JEFFERSON COUNTY
DEPARTMENT OF HEALTH AND
ENVIRONMENT, (EPSDT); CHRIS
SCHMIDT,

        Defendants - Appellees.

No. 04-1140
(D.C. No. 02-F-2036 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT** *

---

\*	This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Seneca Nicholson, [1] a former employee of defendant Jefferson County Department of Health and Environment, appeals from two district court orders in this suit under the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and 42 U.S.C. §§ 1981 and 1985. The district court ruled in the first order that defendant Jefferson County was not a proper defendant and dismissed it from the proceedings. The second order disposed of the case on the merits, dismissing some claims under Fed. R. Civ. P. 12(b)(6) and granting summary judgment on the rest. We affirm for the reasons stated below.

## Firm Waiver Rule

Defendants argue that plaintiff lost her right to challenge the dispositive orders issued by the district court by failing to file timely objections to the magistrate judge's prior recommendations. We agree as to the second order but

---

[1] Plaintiff initially sought certification for a class action, but this was denied and the matter has not been pursued on appeal.

disagree as to the first.  Before addressing each specific order, we set out the general principles that govern the matter.

## A.  General Legal Principles

"Within ten days after being served with a copy [of the proposed findings and recommendations of a magistrate judge], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court[, and a] judge of the court shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b)(1).  The statutory objection period has significant appellate repercussions:  "This court has adopted a firm waiver rule which provides that a litigant's failure to file timely objections to a magistrate's report and recommendation waives appellate review of both the factual and legal determinations."  *Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1199-1200 (10 th Cir. 2000) (quotations and alteration omitted).

The waiver rule applies to pro se litigants, "so long as they were properly informed of the consequences of their failure to object."  *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10 th Cir. 1999) (quotation and alteration omitted); *see, e.g., Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 & n.5 (10 th Cir. 1996); *Fottler v. United States*, 73 F.3d 1064, 1065 (10 th Cir. 1996).  And a district court's discretionary election to excuse noncompliance

with § 636(b)(1) and consider the merits of a matter for purposes of its own review does not negate the *appellate*-waiver consequences of the noncompliance. *Key Energy Res. Inc.,* 230 F.3d at 1201 n.3 (following *Vega v. Suthers*, 195 F.3d 573, 580 (10 th Cir. 1999)).

The waiver rule is subject to exception "where the interests of justice so require." *Theede*, 172 F.3d at 1268 (quotation omitted). A pro se litigant's effort to comply, the force and plausibility of the explanation for her failure to comply, and the substance of her arguments on the merits are all relevant considerations in this regard. *See generally Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10 th Cir. 2004); *Theede*, 172 F.3d at 1268.

**B. March 2004 Order**

On March 16, 2004, the magistrate judge recommended that the district court grant pending motions for dismissal/summary judgment filed by defendants Jefferson County Department of Health and Environment and Chris Schmidt. The recommendation was mailed the same day, but not stamped filed until March 18. Calculated from the date of service, *see* 28 U.S.C. § 636(b)(1), and extended by Fed. R. Civ. P. 6(a) (excluding weekends and holidays from deadlines of ten days or less) and Fed. R. Civ. P. 6(e) (adding three days when relevant period follows service by mail), the deadline for objections was April 2, 2004. On that date, the district court entered an order in which it noted that no objections had been filed,

reviewed the matter de novo nevertheless, and summarily adopted the magistrate judge's recommendation. No objections from plaintiff arrived that day or in the days that followed. Instead, plaintiff eventually filed this appeal.

Based on the principles set out above, we conclude that plaintiff has waived her right to appellate review in connection with this order. The only argument she advances against application of the waiver rule here is unpersuasive, and no others appear from the record. She argues, based on the March 18 filing date stamped on the magistrate judge's recommendation, that she believed (and still contends) that the deadline for objections was April 5 and, thus, the order was premature. Aplt. Opening Br. at 8. Actually, as just noted, the deadline properly determined from the date of mailing was April 2, the day on which the district court entered its order. And any argument regarding deadline confusion loses its force in light of plaintiff's unexplained failure to file objections when she thought they were due. Finally, given the thorough, reasoned, and authoritatively supported analysis set out by the magistrate judge and adopted by the district court after its de novo review, this is not a case where special concerns about the merits compel us to overlook the other considerations and excuse plaintiff's waiver.

### C. January 2004 Order

On January 2, 2004, the magistrate judge recommended granting Jefferson County's motion to dismiss, which asserted that Jefferson County Department of Health and Environment was plaintiff's employer and that the two entities were legally distinct. The recommendation was filed and served by mail three days later. On January 20, 2004, the district court issued an order noting that no objections to the magistrate judge's recommendation had been filed, reviewing the matter de novo nonetheless, and summarily adopting the recommendation to dismiss Jefferson County from the case.

In this instance, the district court did act prematurely. Measured from the date of service and extended by the pertinent provisions of Rule 6, plaintiff had until January 23 to file objections. More importantly, plaintiff may have received the district court's order granting Jefferson County's motion to dismiss before the time for objection expired, in which event she would understandably have been deterred from filing objections in light of their evident futility. Under these circumstances, we deem it appropriate to resolve plaintiff's appeal on the merits.

### Review of January 2004 Order on the Merits

The district court adopted the magistrate judge's recommendation to dismiss Jefferson County from the case because it is an entity distinct from plaintiff's employer and, thus, was not a proper defendant here. We agree.

-6-

Plaintiff's claims relate to her employment with the Jefferson County Department of Health and Environment (JCDHE). The JCDHE is "a political subdivision of the state with its own statutory rights and mandate" and, as such, "is a legal entity, separate and distinct from the board of county commissioners [i.e., from Jefferson County [2]]." *Jefferson County Health Servs. Ass'n v. Feeney*, 974 P.2d 1001, 1004 (Colo. 1998) (en banc). Under the governing statutory scheme, a county board of health appoints a public health administrator who, as executive and administrative head of the department, is responsible for hiring, compensating, and directing department personnel consistent with policies set by the board of health. *See* Colo. Rev. Stat. § 25-1-505(1), (3). *See generally id.* §§ 25-1-501 to 516. In *Feeney*, the Colorado Supreme Court underscored the independent legal status of the county board of health by holding that when suit is brought on a claim against the county health department, the notice requirements of the state governmental immunity act are not satisfied by sending a notice to the board of county commissioners, but only by sending a notice to the county board of health, since "the county board of health, not the board of county commissioners, is the governing body of a county health department." *Feeney*, 974 P.2d at 1002.

---

[2] Under Colo. Rev. Stat. § 30-11-105, actions against the county are brought against the county board of commissioners. *See Calahan v. Jefferson County*, 429 P.2d 301, 302 (Colo. 1967) (applying predecessor statute).

Plaintiff points out that JCDHE follows personnel rules drafted by the Jefferson County commissioners. But that is only because the board of health overseeing JCDHE elected to adopt those rules, and such election did not, indeed could not, effect a relinquishment of its authority over personnel matters to the county commissioners. *See Johnson v. Jefferson County Bd. of Health*, 662 P.2d 463, 467, 471 (Colo. 1983) (en banc) (noting JCDHE's adoption of county personnel rules but holding this did not override health board's statutory authority over employment of its administrator, because "[a] county board of health, as a political subdivision of the state, may not by rule or regulation abdicate the authority and responsibility delegated to it by the legislature"). Plaintiff also notes that her wages were paid by checks issued by the county treasurer, but this likewise does not undermine the district court's analysis. By statute, the county treasurer also serves as treasurer of the county health department, Colo. Rev. Stat. § 25-1-505(2), and, in the latter role, the treasurer's issuance of checks to the department's employees is entirely consistent with the department's statutory responsibility over its own personnel matters.

This court has emphasized the importance of legislative delineations of administrative responsibility and rejected efforts to extend Title VII liability beyond the plaintiff's direct governmental employer, "since such [an extension] effectively negates what we assume was a state's conscious choice to create

-8-

distinct organizations." *Sandoval v. City of Boulder*, 388 F.3d 1312, 1323 n.3 (10th Cir. 2004); *see also Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1219 (10th Cir. 2002). "Absent some indication that the state's decision was motivated by a desire to circumvent the civil rights laws or other laws, principles of comity counsel federal courts not to be too quick to erase organizational dividing lines drawn up by state authorities." *Sandoval*, 388 F.3d at 1323 n.3. The district court properly accorded due effect to the organizational scheme drawn up by the state legislature here.

## Motions to Dismiss Appeal

Before briefing this appeal, defendants moved for summary dismissal on two grounds, neither of which is cognizable under our local rules. Motions for summary disposition are limited to: "(a) a motion to dismiss the entire case for lack of appellate jurisdiction; (b) a motion for summary disposition because of a supervening change of law or mootness; or (c) a motion to remand for additional trial court or administrative proceedings." 10th Cir. R. 27.2(A)(1). Defendants' motions for dismissal, based on the waiver rule discussed above and on plaintiff's delay in seeking leave to proceed in forma pauperis, do not fall into any of the designated categories. Such non-jurisdictional deficiencies relating to the merits or to matters of procedure are not proper grounds for summary disposition. *See, e.g.*, *Joseph A. ex rel. Wolfe v. N.M. Dep't of Human Servs.*, 28 F.3d 1056, 1059

(10th Cir. 1994); *Braley v. Campbell*, 832 F.2d 1504, 1509 (10 th Cir. 1987). Defendants' motions are, therefore, denied.

The judgment of the district court is AFFIRMED. Defendants' motions for summary dismissal are DENIED. Plaintiff's motion to proceed in forma pauperis is GRANTED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge