24CA1131 Cooper v Keefe Memorial 04-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1131
Cheyenne County District Court No. 24CV30002
Honorable Mike Davidson, Judge

---

Joseph Cooper,

Plaintiff-Appellee,

v.

Keefe Memorial Health Service District, d/b/a Keefe Memorial Hospital,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Tow and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

---

Belzer Law, Aaron B. Belzer, Ashlee N. Hoffmann, Boulder, Colorado, for
Plaintiff-Appellee

Hershey Decker Drake, Kari M. Hershey, Brenna K. Shannon, Lone Tree,
Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Keefe Memorial Health Service District, d/b/a Keefe Memorial Hospital (KMH), appeals the district court's order denying its motion to set aside a default judgment entered in favor of plaintiff, Joseph Cooper. We reverse and remand with directions.

## I.    Background

¶ 2    As alleged in his complaint, Cooper worked for KMH as a physician. The relationship soured, and by early 2023, Cooper was no longer employed by KMH.

¶ 3    In the summer of 2023, Cooper notified KMH, a public hospital, of his claims as required by the Colorado Governmental Immunity Act (CGIA), §§ 24-10-101 to -120, C.R.S. 2024. KMH's counsel confirmed receipt of the notice.

¶ 4    Several months later, Cooper filed this action, asserting claims for (1) wrongful discharge; (2) breach of contract; (3) breach of good faith and fair dealing; (4) promissory estoppel; (5) defamation; and (6) intentional interference with prospective contractual relations. Cooper notified KMH's counsel of the suit and properly served KMH with the complaint.

¶ 5    Due to an admitted "calendaring error," however, KMH's counsel missed the deadline to respond to the complaint. As a

1

result, Cooper filed a request for entry of default and a motion for default judgment.  Granting both, the district court entered a default judgment against KMH for $312,500.

¶ 6     Days later, KMH moved to set aside the default judgment under C.R.C.P. 60(b).  KMH argued, among other things, that (1) defense counsel's calendaring error constituted excusable neglect; and (2) Cooper's claims for wrongful discharge, defamation, and intentional interference with prospective contractual relations were barred by the CGIA and, therefore, the court lacked subject matter jurisdiction over those claims.

¶ 7     The court denied KMH's motion, finding that KMH hadn't established excusable neglect for missing the deadline to respond to the complaint.  In so finding, the court declined to address KMH's remaining arguments.

## II.    Motion to Set Aside Default Judgment

¶ 8     KMH contends that the district court erred by failing to consider and weigh all three factors required by our supreme court in determining whether to set aside the default judgment.  We agree.

2

¶ 9    A court may set aside a default judgment for excusable neglect.  *See* C.R.C.P. 55(c); C.R.C.P. 60(b)(1).  To determine whether to set aside a default judgment for excusable neglect, a court "must consider and weigh" three factors: (1) whether the neglect that resulted in the entry of default judgment was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether relief from the default judgment would be consistent with equitable considerations. *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 319-320 (Colo. 2010); *see also Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo. 1986).

¶ 10    We review a court's denial of a motion to set aside a default judgment for an abuse of discretion.  *See Goodman*, 222 P.3d at 314.  A court necessarily abuses its discretion when it applies the wrong legal standard.  *Wal-Mart Stores, Inc. v. Crossgrove*, 2012 CO 31, ¶ 7.

¶ 11    It's undisputed that the district court considered only the first required factor, finding that KMH's neglect in missing the deadline to respond to the complaint wasn't excusable.  Having so found, the court expressly declined to address whether KMH had any

meritorious defenses — including whether the CGIA barred any of Cooper's tort claims — or whether equitable considerations warranted relief from the default judgment. Because the court didn't consider and weigh the second and third required factors, it applied the wrong legal standard and abused its discretion.

¶ 12 Even so, Cooper says that the failure to satisfy any of the three factors supports the denial of a motion to aside a default judgment. Though true, *Goodman* makes clear that, even if one factor alone is ultimately dispositive, "a court must consider and weigh each" of the three factors "in balance." 222 P.3d at 320. And the district court here didn't consider the second and third factors, let alone weigh and balance them. *See Taylor v. HCA-HealthONE LLC*, 2018 COA 29, ¶¶ 36, 49-55, 65 (concluding that the district court erred by failing to address the second and third required factors for evaluating a motion to set aside a default judgment and remanding to the district court to consider all three factors together).

¶ 13 Cooper also attempts to salvage the district court's incomplete analysis by claiming that KMH didn't develop an argument on the third factor. But KMH pointed to its prompt motion to set aside the default judgment and the lack of any prejudice to Cooper if the

court were to grant the motion and allow the case to proceed on the merits. Promptness and prejudice are equitable considerations under the third factor. *See McMichael v. Encompass PAHS Rehab. Hosp., LLC*, 2023 CO 2, ¶¶ 17-18 (noting that prejudice to the parties — linked to the length of the delay in seeking relief from the default judgment — is an equitable consideration separate from a finding of excusable neglect); *see also Goodman*, 222 P.3d at 319-20 (explaining that, given the preference for resolving disputes on the merits, courts should consider equitable considerations such as promptness in seeking relief under Rule 60(b) and prejudice to the opposing party). And regardless of KMH's arguments under the third factor, that still leaves the unaddressed second factor and KMH's asserted defenses to Cooper's claims, including the CGIA. *See Springer v. City & Cnty. of Denver*, 13 P.3d 794, 796 (Colo. 2000) (referring to "governmental immunity" as a "defense"); *see also Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982) ("[T]he nature of the asserted defense may shed light on the existence and degree of neglect, and possibly on the equitable considerations.").

¶ 14    To the extent the parties ask us to independently analyze the second and third factors, we decline to do that. After all, whether

excusable neglect exists is a "fact-intensive inquiry," *Goodman*, 222 P.3d at 319, and we don't make factual findings, *see Carousel Farms Metro. Dist. v. Woodcrest Homes, Inc.*, 2019 CO 51, ¶ 19; *see also Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 77 (refusing to conduct the three-factor analysis for the first time on appeal). For similar reasons, insofar as the parties ask us to review the court's finding on just the first factor, there's no point in considering that factor alone and in a vacuum. *See Goodman*, 222 P.3d at 320 ("[E]ach factor must be weighed and considered together as a part of the question whether excusable neglect exists."). Because it remains to be seen what conclusion the district court will reach after it considers and balances all three factors, an opinion on a single factor in isolation is premature. *See Taylor*, ¶ 65 ("[T]he better course is to remand for the district court to consider all three factors together . . . .").

¶ 15  We also decline KMH's request to take up the CGIA issue and conclude, as a matter of law, that the CGIA bars Cooper's claims for wrongful discharge, defamation, and intentional interference with prospective contractual relations. To be sure, the CGIA generally bars tort claims against public entities. *See* § 24-10-108, C.R.S.

2024.  But exceptions to immunity apply.  *See* §§ 24-10-104, -106,

C.R.S. 2024.  One such exception includes tort claims arising from

"[t]he operation of any public hospital."  § 24-10-106(1)(b).  On

appeal, the parties dispute whether the public hospital exception

applies to Cooper's tort claims.  This is a dispute that must be

resolved in the first instance by the district court, not this court.

*See Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 85-86 (Colo. 2003)

("When the alleged jurisdictional facts are in dispute, the trial court

should conduct an evidentiary hearing and enter findings of fact.");

*see also Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1260

(Colo. 2003) ("[C]ourts must hold evidentiary hearings when facts

relating to immunity are in dispute.").

¶ 16      For this reason, we are unpersuaded by the cases that KMH

cites where the district court considered and ruled on the

applicability of the CGIA.  *See Gallagher v. Bd. of Trs. for Univ. of N.*

*Colo.*, 54 P.3d 386, 389-90 (Colo. 2002), *abrogated on other grounds*

*by Martinez v. Estate of Bleck*, 2016 CO 58; *Awad v. Breeze*, 129

P.3d 1039, 1041 (Colo. App. 2005); *CAMAS Colo., Inc. v. Bd. of Cnty.*

*Comm'rs*, 36 P.3d 135, 137 (Colo. App. 2001); *Holland v. Bd. of*

*Cnty. Comm'rs*, 883 P.2d 500, 504 (Colo. App. 1994); *Craven v. Univ. of Colo. Hosp. Auth.*, 260 F.3d 1218, 1230 (10th Cir. 2001).

¶ 17    Finally, KMH maintains that if we were to affirm the district court's order, we should remand the case for a damages hearing. Because we reverse the order denying the motion to set aside the default judgment, we don't reach this alternate contention.[1]

### III.    Appellate Attorney Fees and Costs

¶ 18    Finally, citing section 13-17-201, C.R.S. 2024, KMH requests an award of appellate attorney fees and costs. But the mere citation to a statute, without any developed legal argument, "does not satisfy the legal basis requirement" for appellate attorney fees. C.A.R. 39.1. We therefore decline KMH's fee request. As the prevailing appellate party, however, we award KMH its appellate costs. C.A.R. 39(a)(3).

### IV.    Disposition

¶ 19    We reverse the order and remand the case with directions.

---

[1] Even if we had affirmed the order, KMH only appealed the district court's denial of its C.R.C.P. 60(b) motion. Thus, the underlying judgment isn't before us, and our review is limited to whether the court abused its discretion by denying that motion. *See Gestner v. Gestner*, 2024 COA 55, ¶ 21.

JUDGE TOW and JUDGE TAUBMAN concur.