## In re Constitutionality of Substitute for Senate Bill No. 83.

1. Sovereignty.
Without constitutional or legislative authority the state, in its sovereign capacity, cannot be sued. No such authority exists in this state.

2. Constitutional Law.
It is provided by the constitution that private property shall not be taken for public use without just compensation.

3. Legislative Appropriations.
Where private property has been taken by the state without compensation, it is competent for the legislature to agree with the owner upon the amount which the state shall pay, and make an appropriation for that purpose. The mere fact that the association or institution for whose benefit the appropriation is made is or may

be sectarian does not make an appropriation for the payment of property which belonged to the association, and which was taken by the state for a public use, one which the constitution inhibits.

## *Original Proceeding.*

THE opinion of the court as to the constitutionality of the foregoing bill is in response to the following preamble and resolution:

"Whereas, there has been introduced into the senate of the tenth general assembly substitute for senate bill No. 83, which bill has passed the senate and is now before the house of representatives for consideration, entitled, 'A Bill for an Act Providing for the Relief and Appropriating Money for the Benedictine Sisters of Colorado for Damages Claimed to Have Been Done to their Building in the Town of Canon City, Fremont County, Colorado, Sustained by the Construction of the Hog Back Tunnel, or in the Construction of State Canal No. 1 ' (copy of said bill is hereto attached) ; and

" Whereas, doubts exist as to the constitutionality of said bill, if enacted into a law, therefore,

" Be it resolved by the house of representatives that the honorable supreme court of the state of Colorado be and is hereby respectfully requested to give its opinion as to the constitutionality of said bill, if enacted into a law, and particularly to answer the following questions relative thereto:

" 1st. Can the state of Colorado in its sovereign capacity be held legally liable for any damages which may accrue to any person, corporation or association by reason of or the result of any of the acts of any of the officers or agents of the said state ?

" 2d. If the state in its sovereign capacity can be held so legally liable, is it within the province of the legislature to determine the nature and amount of such damages, or should the question of such damages be first determined by some judicial tribunal in accordance with the provisions of section 15 of article 2 of the constitution of the state of Colorado ?

" 3d. Would such bill, if enacted into a law, be in viola-

tion of section 34, article 5, of the constitution of the state of Colorado, providing that no appropriation shall be made for charitable, industrial, or educational purposes, to any person, corporation, or community, not under the absolute control of the state, nor to any denominational or sectarian institution or association?

" 4th. Would such bill, if enacted into a law, be in violation of subdivision 24 of section 25 of article 5 of the constitution of the state of Colorado?

" 5th. Would such bill, if enacted into a law, be in violation of section 28 of article 5 of the constitution of the state of Colorado, providing that no bill shall be passed providing for the payment of any claim made against the state without previous authority of law? "

The attached bill recites the passage of an act by the ninth general assembly directing the board of penitentiary commissioners to make a careful examination for the purpose of ascertaining whether the building owned by the Benedictine Sisters at Canon City was damaged by the state, as it was alleged, in blasting for the construction of a state ditch at that place; and if the result of such examination satisfied them that the damage had been caused by the state, to repair said building, and put it in as good condition as it was before; and if, in their judgment, to accomplish that object it seemed best to tear down said building, and build a new one in place thereof, they were instructed to do so. Said act also included an appropriation for carrying out its provisions.

It is further recited that the board made such examination, and that the result of it satisfied them that such damage had been caused by the state, and that it was best to tear down the old building and build a new one in its place. Work was begun on the new building, and had proceeded as far as the foundation when it was discovered that there was no money in the state treasury for the purpose of further continuing the work, and there it was stopped.

The bill now pending directs the same board to proceed with the construction of the building, and carries with it an appropriation for such purpose.

The questions involved by the resolution were discussed by Mr. HARVEY RIDDELL, Mr. B. L. CARR and Messrs. SULLIVAN & MAY, *amici curiœ.*

PER CURIAM.   After as careful and full an investigation as we have been able to give, we answer that none of the provisions of the constitution referred to will be violated by the enactment into law of the bill in question.   We recognize the doctrine that, without constitutional or legislative authority, the state in its sovereign capacity cannot be sued. No such authority exists in this state.   This being so, no liability upon contract or tort, if any there be, can be enforced against the state in any of its courts.

But section 15 of article 2 of the constitution provides that private property shall not be taken for public use without just compensation.   This bill recites that the state, in the prosecution of a public improvement, has taken private property without paying any compensation.   There being no other way whereby the value of the property taken can be ascertained or paid, it is clearly competent for the legislature to agree with the owner upon the amount which the state shall pay, and to make an appropriation for that purpose.   Were the law otherwise, the state might forcibly take private property for its use, and refuse or neglect to make provision for the payment of its value, and thus annul the constitutional provision under which, and under which only, can it take private property against the owner's consent.

The mere fact that the association or institution for whose benefit this appropriation is made is or may be sectarian does not make the appropriation one which the constitution inhibits.   The appropriation for such institution is made not as a gift, or for its support or maintenance, but for the payment for property which belonged to the association, and which was taken by the state for a public use.