No. 13,024.

PARRY ET AL. *v.* COLORADO BOARD OF CORRECTIONS.
(28 P. [2d] 251)

Decided December 4, 1933.

Mr. John P. James, Mr. Fancher Sarchet, for plaintiffs in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Sidney P. Godsman, Assistant, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as the architects and defendant in error as the board.

The parties contracted concerning plans for a building which the board "intended to erect * * * at the state hospital at Pueblo." The contract provided for arbitration of "all questions in dispute." There was a dispute, a pretended arbitration, and judgment therein entered in the district court. The board moved to set aside that judgment and the motion was granted. To review that action the architects prosecute this writ.

The board has general control of said state hospital. C. L. 1921, p. 334, §537; S. L. 1931, p. 205, c. 63. It contracted for "the preparation of preliminary studies,

working drawings, specifications, large scale and full size detail drawings" for the contemplated structure. The stipulated compensation was "six per cent computed upon the cost of the work." The contract indicated no "cost of work." It seems that the plans were intended to be used, and were used, in an effort to obtain an appropriation from the Legislature and that the estimated cost of the building exceeded one million dollars. The Legislature failed to appropriate.

The architects presented a claim for $12,876 of which $500 was allowed and paid and the balance refused. The arbitration clause of the contract provided that the procedure should "conform to the laws of the state." Those laws are found in sections 314 to 320, both inclusive, Code of Civil Procedure, p. 161, C. L. 1921.

A board of three arbitrators was organized, just how the abstract does not disclose, and convened. The board appeared specially and objected to the jurisdiction of the arbitrators. The latter continued with the hearing and two of them joined in an award to the architects of the full unpaid balance of their claim. The third arbitrator dissented and filed a separate finding, awarding nothing for lack of evidence. The award of the majority was filed with the clerk of the district court, and judgment entered and execution issued thereon as provided by section 318, supra. Under that execution "the State of Colorado" was garnisheed and directed to pay no money to the board from the "general maintenance fund of the state hospital at Pueblo." Thereupon came the motion in the district court to set aside the judgment and quash the execution and garnishee summons.

Numerous questions are argued under the two assignments of error, which amount to but one, i. e., that the district court was powerless to take the action it did because of the prohibition of section 320, supra. That section makes such a judgment, with certain exceptions, final. Defects in the abstract foreclose the consideration

of some of these questions but, in the view we take of the case, this is immaterial.

Said section 320 enumerates, among the exceptions for which such a judgment may be attacked, "fraud or other sufficient cause" and "mistake, * * * as in case of other judgments, orders or proceedings of the court." Section 314, supra, limits the controversies which may be submitted to arbitration under the chapter to those "which may be the subject of a civil action."

▆▆ "Without constitutional or legislative authority, the state in its sovereign capacity cannot be sued. No such authority exists in this state. This being so, no liability upon contract or tort, if any there be, can be enforced against the state in any of its courts." In re *Constitutionality of Substitute for Senate Bill No. 83*, 21 Colo. 69, 72, 39 Pac. 1088. Claims such as this of the architects are claims against the state. They can only be paid by legislative appropriation, and a suit to force their collection otherwise, be the nominal defendants whom they may, is in fact a suit against the state which is the real party in interest. 25 R. C. L., p. 413, §50; 59 C. J., p. 307, §464 and p. 313, id. §468.

▆ No statute authorizes such an action as this against either the state or the board. It is suggested that a legislative appropriation has been made to pay this claim, either by section 542, C. L. 1921, or by chapter 11, page 29, S. L. 1929, or chapter 13, page 36, S. L. 1931. We fail to find it in either. Since the architects' claim could not be the subject of a similar action against the board or the state it could not be the subject of arbitration and the objection that the arbitrators were without jurisdiction was good.

▆ Counsel for the architects assert that before the contract was signed it was submitted to and approved by the attorney general. It is a sufficient answer to point out that the attorney general has no authority to waive the state's immunity from civil suit. They further say that the enforcement of this principle establishes one

law for the state and another for individuals. So far as being obliged to respond to civil suits this is true and has been true from time immemorial.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.