No. 15,249.

MITCHELL *v.* BOARD OF COUNTY COMMISSIONERS OF MORGAN COUNTY ET AL.
(152 P. [2d] 601)

Decided October 2, 1944. Rehearing denied October 30, 1944.

Mr. John T. Dugan, Mr. C. E. Sydner, for plaintiff in error.

Mr. C. C. Twombly, Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. C. Henry Anderson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as Mitchell, the county board and the highway department respectively. Mitchell, alleging ownership of certain lands in Morgan county and the construction, ownership, maintenance and operation by the county board and the highway department of a certain highway and bridge in such manner as to cause Beaver creek to overflow his property, brought this action for damages in the sum of $25,000.

The highway department moved to dismiss for want of facts and because the suit against it was one against the state and without its consent, hence unmaintainable. The county board moved to dismiss for want of facts and particularly because of failure to allege a prior presentation of his claim by Mitchell to the board as provided by statute. Both motions assert generally want of jurisdiction. Both were sustained and to review the judgment entered accordingly Mitchell prosecutes this writ and specifies as error each of said rulings. His counsel contends that this cause falls within the provisions of section 15, article II of our Constitution; that the provisions thereof have not been herein followed by the county board and the highway department, by reason whereof they become liable in this action, and that

said section is in itself a consent by the state to suit against it under such circumstances.

Numerous authorities are cited in support of the respective positions taken herein by counsel. Those principally relied upon by Mitchell are from other jurisdictions. Few of these are directly in point and some are in conflict with our own decisions, and the arguments therefrom are by unconvincing analogy. We find neither necessity nor justification for examination here of this array or any attempt to reconcile and distinguish, convinced as we are that the law essential to the disposition of the cause is to be found in our own statutes and adjudicated cases of long standing.

■■ First, as to plaintiff's cause of action against the highway department: Section 1 of article VIII of our Constitution provides for the establishment of certain state institutions "and such other institutions as the public good may require." That applies to the highway department. *Johnson v. McDonald,* 97 Colo. 324, 49 P. (2d) 1017. The highway department was created as a body corporate by section 98, chapter 143, '35 C.S.A., et al., and authorized to exercise all powers, in its province, "from time to time given it by law." Its only authority to sue is conferred by section 111, id., limited solely to proceedings in eminent domain. Section 107, id., makes the attorney general its legal adviser and representative. All its revenues are paid to the state treasurer and paid out by him as other state disbursements. Clearly the highway department is nothing more than an agency of the state and as to actions against it stands in the state's shoes. No permission has ever been granted to sue it. In the light of our holding in the following cases it is evident that this action can not be maintained against the highway department. *Parry v. Board of Corrections,* 93 Colo. 589, 28 P. (2d) 251; *State v. Colorado Co.,* 104 Colo. 436, 91 P. (2d) 481.

■ This leaves only the county board as a defendant. As to it this action was clearly premature. "All

claims and demands held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon, * * *." '35 C.S.A., c. 45, §44. This has been the law in Colorado for more than half a century. Not only does this statute speak for itself, but in every case involving it which has been before us we have construed it exactly as it is written. *Henry v. San Miguel County,* 41 Colo. 267, 92 Pac. 697; *Denver v. Bottom,* 44 Colo. 308, 98 Pac. 13.

Since Mitchell's claim, which is the basis of this action, was not presented for audit and allowance to the board of county commissioners he could not maintain this suit against the county board.

The motions to dismiss were properly sustained and the judgment is accordingly affirmed.