v.

**The PEOPLE of the State of Colorado, Respondent.**

**In the Interest of Minor Child: L.K.**

**Supreme Court Case No. 16SC638**

Supreme Court of Colorado.

December 18, 2017

Attorneys for Petitioner: The Noble Law Firm, LLC, Antony Noble, Lakewood, Colorado.

Attorneys for Respondent: Moffat County Attorney's Office, Rebecca Tyree, Craig, Colorado.

JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this appeal, we consider the narrow question of whether sovereign immunity bars an award of attorney's fees against a public entity. The trial court found that the Moffat County Department of Social Services ("the Department") committed a discovery violation in the course of a dependency and neglect proceeding, and it awarded attorney's fees to Petitioner C.K. pursuant to Colorado Rule of Civil Procedure 37. The court of appeals vacated the fee award, holding that it was barred by sovereign immunity. People in the Interest of L.K., 2016 COA 112, ¶¶ 1–2, 410 P.3d 664. We now reverse.

¶ 2 Our holding is limited to the narrow question related to sovereign immunity, but we note that there are two additional relevant, yet distinct, issues that remain to decide whether an award of attorney's fees is proper in this case: (1) Whether, under the facts of this case, C.R.C.P. 37 applies to proceedings governed by the Children's Code, and, if it does, (2) whether C.R.C.P. 37 contains the express language required under our court's precedent to authorize attorney's fees against a public entity. While we discuss these issues briefly to give context to our holding, their ultimate resolution should be addressed on remand.

## I. Facts and Proceedings Below

¶ 3 The Department removed C.K.'s child, L.K., from his home and filed a petition in dependency and neglect against C.K. During the course of the dependency and neglect case, without court intervention, C.K. and the Department engaged in discovery. As part of that discovery, C.K. served an interrogatory and a request for production of documents on the Department. The Department provided

documents in response. After reviewing them, C.K. alleged that the response was deficient. After conferring with opposing counsel, C.K. filed a motion to compel, which included a request for sanctions under C.R.C.P. 37 in the form of attorney's fees. C.K. requested $500 for time spent conferring with opposing counsel, drafting the motion to compel, and drafting new discovery requests in an attempt to obtain the missing discovery.

¶ 4 In response to C.K.'s motion to compel, the Department argued that the statute governing attorney's fees, section 13–17–102, C.R.S. (2017), did not apply to proceedings governed by the Children's Code. The Department also argued that C.R.C.P. 37 only covers sanctions for deficient disclosures under C.R.C.P. 26(a), and that because C.R.C.P. 26(a) does not apply to proceedings governed by the Children's Code, C.K.'s request for attorney's fees under C.R.C.P. 37 was invalid. C.K. filed a reply and sought an additional $500 in fees for time spent on that reply.

¶ 5 The trial court held a hearing on the matter. Because all requested discovery had been provided to C.K. by that time, the court only addressed the issue of attorney's fees. The court raised the issue of whether sovereign immunity barred an award of attorney's fees on its own. In response, the Department argued that sovereign immunity did bar such an award, but its primary argument remained that the relevant rules of civil procedure did not apply in this case. After the hearing, the court issued a one-page order granting a partial award of attorney's fees in the amount of $400 "[p]ursuant to C.R.C.P. 37." Its order did not address the issue of sovereign immunity.

¶ 6 The dependency and neglect case continued, and the trial court ultimately terminated C.K.'s parental rights. C.K. appealed the termination of his parental rights, and the Department cross-appealed the award of attorney's fees. The court of appeals affirmed the termination of C.K.'s parental rights, but it reversed the award of attorney's fees, holding that sovereign immunity barred such an award against a public entity. L.K., ¶¶ 1–2. In so holding, the court of appeals drew on federal precedent requiring an explicit waiver of sovereign immunity prior to suit against the sovereign. See id. at ¶¶ 66–70. Because no such waiver permitting attorney's fees against a public entity in a dependency and neglect proceeding exists in Colorado, the court of appeals held that sovereign immunity bars an award of attorney's fees. Id. at ¶¶ 69–70. Because the court of appeals reached this conclusion, it did not decide whether C.R.C.P. 37 applied in this case. See id. at ¶ 59.

¶ 7 We granted certiorari to consider the narrow question of whether sovereign immunity barred the trial court's award of attorney's fees.[1]

## II. Standard of Review

¶ 8 Sovereign immunity presents a jurisdictional question. Springer v. City & Cty. of Denver, 13 P.3d 794, 798 (Colo. 2000). If sovereign immunity applies, it divests the court of jurisdiction. See Gallagher v. Bd. of Trs., 54 P.3d 386, 394 (Colo. 2002), abrogated on other grounds by Martinez v. Estate of Bleck, 2016 CO 58, 379 P.3d 315. When the facts of a jurisdictional question are undisputed and the question is solely one of law, we review the question of law de novo. Springer, 13 P.3d at 798.

## III. Analysis

¶ 9 We begin with an overview of the federal and state sovereign immunity doctrines, noting the differences between them. We then turn to the applicability of sovereign immunity in Colorado to decide whether it bars attorney's fees in this context. We conclude that, because under Colorado law—unlike federal law—sovereign immunity does not apply unless statutorily created, and because no statute bestows sovereign immunity upon public entities for attorney's fees, sovereign immunity does not bar an award against a public entity for attorney's fees under C.R.C.P. 37.

---

1. Specifically, we granted certiorari to consider: "Whether sovereign immunity bars an award of attorney's fees against a public entity under C.R.C.P. 37."

## A. Overview of Federal and State Sovereign Immunity

¶ 10 The federal government is generally immune from suit under sovereign immunity. See Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). As such, a party may not entertain a suit against the federal sovereign without consent or a waiver of sovereign immunity that is unequivocally expressed. See Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Thus, a "suit against the federal government is not allowed absent an express waiver by Congress permitting suit, which is to be strictly construed." Denny Constr., Inc. v. City & Cty. of Denver ex rel. Bd. of Water Comm'rs, 199 P.3d 742, 750 (Colo. 2009).

¶ 11 Colorado adopted the common-law doctrine of sovereign immunity in the 1890s. See Bertrand v. Bd. of Cty. Comm'rs, 872 P.2d 223, 225–26 (Colo. 1994). At that time, sovereign immunity presumptively protected all government entities absent a waiver. See In re Constitutionality of Substitute for Senate Bill No. 83, 21 Colo. 69, 39 P. 1088, 1088 (1895) ("We recognize the doctrine that, without constitutional or legislative authority, the state in its sovereign capacity cannot be sued."), overruled by Bertrand, 872 P.2d 223. As such, Colorado's doctrine of sovereign immunity used to mirror the federal doctrine in that the state could not be sued absent express waiver.

¶ 12 It no longer does. In 1971, this court abrogated Colorado's common-law doctrine of sovereign immunity, inviting the General Assembly to restore it if it so chose. See Evans v. Bd. of Cty. Comm'rs, 174 Colo. 97, 482 P.2d 968, 972 (1971) ("If the General Assembly wishes to restore sovereign immunity and governmental immunity in whole or in part, it has the authority to do so."). The General Assembly accepted the court's invitation and subsequently restored sovereign immunity by enacting the Colorado Governmental Immunity Act ("CGIA"). See Springer, 13 P.3d at 798 (citing Ch. 323, sec. 1,

§§ 130–11–1 to –17, 1971 Colo. Sess. Laws 1204, 1204–11). In so doing, however, the General Assembly limited sovereign immunity. Specifically, the CGIA provides that the doctrine "shall be recognized only to such extent as may be provided by statute." § 24–10–102, C.R.S. (2017). Additionally, a grant of immunity under the CGIA must be strictly construed. Medina v. State, 35 P.3d 443, 453 (Colo. 2001). "Thus, the rule in Colorado is precisely the opposite of the federal system: the state and its subdivisions are subject to the same liability as private entities, unless the General Assembly has affirmatively protected the state from liability through immunity legislation." Denny Constr., 199 P.3d at 750.[2]

¶ 13 With this understanding of state sovereign immunity in mind, we next turn to whether the CGIA explicitly bars an award of attorney's fees.

## B. Colorado Governmental Immunity Act

¶ 14 Again, Colorado law requires affirmative protection in the CGIA for sovereign immunity to apply. The question, then, is whether the CGIA explicitly prohibits an award of attorney's fees against a public entity. We conclude that it does not.

¶ 15 The CGIA bars claims against public entities for actions or injuries "which lie in tort or could lie in tort," with some exceptions that are not pertinent here. § 24–10–105(1), C.R.S. (2017). The statute defines "injury" as "death, injury to a person, damage to or loss of property, of whatsoever kind, which, if inflicted by a private person, would lie in tort or could lie in tort." § 24–10–103(2), C.R.S. (2017).

¶ 16 As the court of appeals noted, there is no case that treats the failure to comply with discovery rules resulting in an award of attorney's fees as a tort. L.K., ¶ 62. Further, neither party argues that the attorney's fees award here is a tort protected under the statute. Additionally, C.R.C.P. 37 and relevant case law consistently refer to an award

---

2. In this opinion, we consider only the doctrine of state sovereign immunity in state court. While we recognize that the Eleventh Amendment provides immunity to states from suits brought by private citizens in federal court, see Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), that doctrine is not at issue here.

of attorney's fees as a punitive sanction, not a tort. See, e.g., Brown v. Silvern, 141 P.3d 871, 874 (Colo. App. 2005) ("Sanctions [under C.R.C.P. 37] may include expenses incurred, including reasonable attorney's fees."). Given this, and noting, as above, that immunity in Colorado must be strictly construed, we conclude that the CGIA does not apply to the violation of a discovery rule resulting in the award of attorney's fees.

¶ 17 The court of appeals reached this conclusion but then went on to apply federal precedent interpreting Federal Rule of Civil Procedure 37, noting that the federal and state rules are substantially similar. See L.K., ¶¶ 64–70. Specifically, the court of appeals first cited some federal cases that have imposed monetary sanctions against government attorneys, relying on statutes or procedural rules for the authority to do so. See id. at ¶ 66. Then, the court of appeals noted that federal courts have been particularly reluctant to impose monetary sanctions against a federal entity absent language that authorizes such sanctions against a public entity specifically. See id. at ¶ 67 (citing In re Graham, 981 F.2d 1135, 1139–40 (10th Cir. 1992)).

¶ 18 Relying on these cases, the court of appeals held that the award here must be set aside because C.R.C.P. 37 does not expressly authorize an award against a public entity. See id. at ¶ 69. To the extent that the court of appeals relies on sovereign immunity in issuing this holding, we disagree. As explained above, the federal and state sovereign immunity doctrines are distinct. A waiver is not required here because, while federal law presumes immunity absent a waiver, sovereign immunity no longer presumptively protects the Colorado state government as it does the federal government. Therefore, the court of appeals' focus on federal precedent is inapposite in this context.

¶ 19 Instead, the proper analysis is to examine the scope of sovereign immunity in Colorado. It is limited. Sovereign immunity does not exist in Colorado unless statutorily created; the CGIA, Colorado's only statute providing sovereign immunity, bars claims which lie in tort or could lie in tort. As we have previously noted, attorney's fees do not fall within the confines of the CGIA. Hence, sovereign immunity does not bar an award of attorney's fees against a public entity.

## C. Remaining Issues

¶ 20 As mentioned above, the ultimate resolution of the attorney's fees issue in this case turns upon two additional questions—whether C.R.C.P. 37 applies in this case and whether express language exists in that rule to authorize attorney's fees against a public entity.

¶ 21 As to the first remaining issue, the parties dispute whether C.R.C.P. 37 applies in this dependency and neglect proceeding. C.R.C.P. 26, which governs the provisions of discovery, states that "[u]nless otherwise ordered by the court or stipulated by the parties, provisions of this Rule shall not apply to domestic relations, juvenile ... or other expedited proceedings." C.R.C.P. 26(a). In addition, Colorado Rule of Juvenile Procedure 1 states that proceedings brought in juvenile court under the Children's Code "are civil in nature and where not governed by these rules or the procedures set forth in [the Children's Code] shall be conducted according to the Colorado Rules of Civil Procedure."

¶ 22 As to the second remaining issue, the rule, separate from sovereign immunity, in Colorado is that "absent a specific, contractual, statutory, or procedural rule providing otherwise, attorney fees are generally not recoverable." People v. Dist. Ct., City & Cty. of Denver, 808 P.2d 831, 835 (Colo. 1991) (quoting Buder v. Sartore, 774 P.2d 1383, 1390 (Colo. 1989)). We have also noted that "[t]he requirement that attorney's fees be expressly authorized is applied with even greater rigor when an award is to be payable from public funds. Even when attorney's fees are expressly authorized, we have required some indication of legislative intent to allow such an award against the government." 808 P.2d at 836. For example, applying these rules, this court held attorney's fees were not permitted under Crim. P. 16 because the language did not specifically authorize such fees. See id. at 835–36.

¶ 23 We express no opinion on either of these remaining issues. Because of how they relate to the question before us, we recognize them only to give context to our holding, and we remand to the court of appeals to address the remaining issues.

## IV. Conclusion

¶ 24 For the foregoing reasons, we hold that sovereign immunity does not bar an award of attorney's fees against a public entity. Accordingly, we reverse the judgment of the court of appeals and remand to that court for consideration of the remaining issues raised on appeal.